# UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

**ROBERT W. VAN KIRK,**
*Plaintiff,*

v.

**OFFICER M. HERNANDEZ, et al.,**
*Defendants.*

Case No. 4:26-cv-02517

Honorable George C. Hanks Jr.

United States Courts
Southern District of Texas
F I L E D

APR 0 8 2026

Nathan Ochsner, Clerk of Court

## PLAINTIFF'S OPPOSED MOTION FOR EARLY EXPEDITED DISCOVERY (RULE 26(D)(1))

Plaintiff Robert W. Van Kirk, proceeding pro se, respectfully moves for an order under Federal Rule of Civil Procedure 26(d)(1) authorizing limited, expedited discovery from Defendant City of Houston. Good cause exists because Plaintiff faces an impending absolute statute of limitations deadline to identify an unknown number of "John Doe" officers who responded to the scene, participated in Plaintiff's seizure, and failed to intervene. The City has effectively withheld these identities through seven months of administrative silence. Furthermore, the requested records provide the essential, objective factual baseline required for the Court's eventual qualified-immunity analysis.

## I. INTRODUCTION

This motion is a threshold necessity driven by an approaching, non-waivable deadline. While the primary detaining officer has been identified, an unknown number of additional HPD officers—the "John Doe" defendants—responded to the August 26, 2024 encounter. The Verified Complaint alleges that at least one additional officer participated in the seizure. (Compl. ¶ 15.) Plaintiff's mother, Carolyn Van Kirk—who was present on scene throughout the encounter (Compl. ¶¶ 34, 78(a))—observed multiple additional officers who were present but failed to intervene. Despite Plaintiff's diligent seven-month exhaustion of the Texas Public Information Act (TPIA) (See Compl. Exs. 7–9), the City has refused to produce the body-worn camera (BWC) footage or Computer-Aided Dispatch (CAD) logs that would permit their identification. Because John Doe substitutions do not "relate back" under Rule 15(c) in the Fifth Circuit, *Jacobsen v. Osborne*, 133 F.3d 315·(5th Cir. 1998), Plaintiff faces the terminal loss of his failure-to-intervene claims against these officers unless they are identified and served before August 26, 2026.

Beyond the identification of John Doe, this narrowly tailored discovery serves the interests of judicial economy. The BWC footage and CAD records constitute the single most objective record of the encounter. Providing this data now will allow the Court to evaluate the pleadings against an objective factual foundation as soon as a Rule 12(b)(6) motion is filed, rather than relying on a "wait-and-see" approach that would only further compress the remaining service and limitation windows.

**Jurisdictional note:** Plaintiff was not arrested for, charged with, or convicted of any crime arising from the August 26, 2024 encounter. No criminal proceedings of any kind are pending against Plaintiff. Plaintiff is the victim and reporting party of the underlying cybercrimes investigation (Case No. 1198816-24) (See Compl. Ex. 4). Neither *Heck v. Humphrey*, 512 U.S. 477 (1994), nor the *Younger* abstention doctrine applies to this action.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 26(d)(1) permits a court to order discovery before the Rule 26(f) conference for "good cause." In the Southern District of Texas, courts evaluate "good cause" by examining the reasonableness of the request in light of all surrounding circumstances, applying a four-factor test: (1) whether the movant will suffer irreparable injury if discovery is not expedited; (2) whether the movant has demonstrated some probability of success on the merits; (3) whether there is some connection between the expedited discovery and the avoidance of the irreparable injury; and (4) whether the balance of harms favors the movant. *St. Louis Group, Inc. v. Metals & Additives Corp.*, 275 F.R.D. 236, 239-40 (S.D. Tex. 2011).

While the Fifth Circuit's decision in *Carswell v. Camp*, 54 F.4th 307 (5th Cir. 2022), strictly prohibits subjecting individual officers to the "burdens of litigation" before resolving qualified immunity, Plaintiff's request is rigorously designed to comply with *Carswell*. First, the Fifth Circuit explicitly requires discovery to identify unknown defendants prior to the expiration of limitations. *Murphy v. Kellar*, 950 F.2d 290, 293 (5th Cir. 1992). Second, because municipalities possess no qualified immunity, *Owen v. City of Independence*, 445 U.S. 622, 638 (1980), the *Carswell* prohibition is entirely inapplicable where the discovery is directed solely at the City's

static electronic records. Extracting BWC footage and CAD logs from municipal servers imposes zero burden—no depositions, no interrogatories, no time expended—on any individual officer.

Additionally, the Fifth Circuit has long recognized that when officers assert qualified immunity, the court may order the plaintiff to file a detailed Rule 7(a) reply engaging the defense with factual specificity. *Schultea v. Wood*, 47 F.3d 1427, 1433–34 (5th Cir. 1995) (en banc); *Wicks v. Miss. State Emp't Servs.*, 41 F.3d 991, 995 (5th Cir. 1995). Where, as here, the plaintiff's *Franks* claim turns on the factual content of BWC footage and dispatch records exclusively within the City's control, limited discovery is the necessary predicate for the plaintiff to provide the Court with the fact-intensive, highly specific Rule 7(a) reply required to resolve the immunity question without consuming additional judicial resources.

### III. ARGUMENT

Good cause for expedited discovery is exceptionally strong here because Plaintiff's targeted request rigorously satisfies the four factors of *St. Louis Group*, while also meeting the Fifth Circuit's strict prerequisites for identifying unknown defendants and providing the baseline for an immunity analysis.

### A. Factor 1: Irreparable Injury Without Expedited Discovery

The threshold necessity of identifying "John Doe" defendants to prevent the terminal loss of claims is the archetypal example of irreparable injury. The Verified Complaint identifies at least one additional officer who participated in the seizure (Compl. ¶ 15), and Plaintiff's on-scene eyewitness observed multiple additional backup officers who were present but failed to intervene. In the Fifth Circuit, the inability to

identify John Doe defendants is not a "mistake" under Rule 15(c)(3); therefore, amendments to name John Does do not relate back. *Jacobsen v. Osborne*, 133 F.3d 315, 320-21 (5th Cir. 1998). Plaintiff faces the permanent, irreparable extinguishment of his claims against this entire pool of officers if they are not identified and served within the two-year limitations period.

Because of the strict *Jacobsen* trap, the City's unlawful seven-month default on Plaintiff's TPIA request is a deliberate tactic to effectively expire the statute of limitations by administrative fiat. Under Texas Government Code § 552.301, a governmental body that receives a TPIA request must respond within ten business days. If it fails to do so, "the information requested in writing is presumed to be subject to required public disclosure and must be released unless there is a compelling reason to withhold the information." Tex. Gov't Code § 552.302. HPD has been in statutory default on BWC request P121428-082425 since August 2025—no response, no denial, no cost estimate—for over seven months. The City has therefore *legally waived* its right to withhold these records as a matter of Texas state law. Conversely, HPD rapidly processed and denied the companion CAD and 911 audio requests (P121427-082425 and R259343-082425) within three business days by invoking exemptions (See Compl. Exs. 8–9). This selective silence demonstrates that HPD's default is not an administrative backlog—it is a deliberate federal litigation tactic designed to shield the identities of the responding officers until limitations expires.

If this Court declines to order the production of these records, it will inevitably be forced to litigate and apply equitable tolling later to save Plaintiff's claims. *See Green v. Doe*, 260 F. App'x 717, 719 (5th Cir. 2007) (equitable tolling warranted when delay in identifying John Doe defendant is "not attributable to" the plaintiff's actions);

*see also Thomas v. City of Kingsville*, No. 2:18-CV-136 (S.D. Tex. Apr. 1, 2020) (tolling limitations by 144 days where plaintiff diligently prosecuted but was unable to identify defendants due to court-ordered discovery stay). Granting this narrowly tailored discovery now preserves the integrity of the limitations period cleanly and prevents the City from manufacturing a complex equitable tolling dispute for 2026.

## B. Factor 2: Probability of Success on the Merits

Plaintiff's Verified Complaint states highly plausible, forensically supported claims that overcome qualified immunity under the standard of *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

Plaintiff asserts a Fourth Amendment *Franks* violation regarding Defendant Hernandez's sworn Emergency Detention Order (EDO) (Compl. Ex. 2). Defendants cannot hide the fabrication of the EDO behind the premise that there is "no constitutional right to a completely accurate after-the-fact police report." *Rich v. Palko*, 920 F.3d 288, 294-95 (5th Cir. 2019). *Rich* applies to post-incident administrative summaries. The EDO in this case is the sworn jurisdictional affidavit that actually authorized Plaintiff's seizure. As the Fifth Circuit explicitly held in *Cantrell v. City of Murphy*, 666 F.3d 911, 923 (5th Cir. 2012), the Fourth Amendment applies with full force to civil mental health seizures, subjecting sworn EDO affidavits to strict *Franks* scrutiny. Fabricating a warrant-equivalent is not a clerical error; it is "patently unconstitutional." *Cole v. Carson*, 935 F.3d 444, 453 (5th Cir. 2019) (en banc).

To survive qualified immunity on a *Franks* claim, the Court must evaluate what exculpatory evidence was available to the officers at the scene. Police may not "disregard facts tending to dissipate probable cause... or turn a blind eye to exculpatory information." *Bigford v. Taylor*, 834 F.2d 1213, 1218 (5th Cir. 1988). The requested

BWC and CAD footage are strictly necessary to prove that Hernandez turned a blind eye to a corroborating eyewitness and a verified, active HPD cybercrimes case. More precisely, these records are the exact evidence Plaintiff will need if this Court orders a Rule 7(a) reply under *Schultea v. Wood*, 47 F.3d 1427 (5th Cir. 1995) (en banc), to flesh out the specific facts defeating the *Franks*-based immunity defense. Producing this data now ensures Plaintiff can provide the Court with the fact-intensive pleading required to resolve immunity efficiently, rather than forcing a second round of motion practice.

Defendant City may argue that identifying the John Doe officers is futile because only Officer Hernandez signed the sworn EDO. This ignores clearly established law. The Fifth Circuit recently reaffirmed that *Franks* liability extends to any official who "generated the basic facts" or acted as a "driving force" behind a false probable cause affidavit. *Guerra v. Castillo*, 82 F.4th 278, 287-88 (5th Cir. 2023). Furthermore, *Bigford v. Taylor* clearly establishes that officers may not "turn a blind eye to exculpatory information." 834 F.2d at 1218. The requested BWC audio and CAD event logs are strictly necessary to prove that the John Doe officers were aware of the corroborating eyewitness and the active cybercrimes investigation, yet colluded to omit these exculpatory facts from the sworn instrument, triggering direct, independent liability under *Guerra*. Finally, the objective documentary evidence of a post-hoc "replacement" EDO instrument (Compl. Exs. 1–3) demonstrates a high probability of success, as "deliberate deception by framing someone to cover up misconduct is patently unconstitutional." *Cole v. Carson*, 935 F.3d 444, 451 (5th Cir. 2019) (en banc).

## C. Factor 3: Connection Between Discovery and Avoidance of Injury

The request is surgically narrow and directly connected to avoiding the impending statute of limitations bar and resolving the immunity baseline. Plaintiff seeks a bounded set of records arising from a single afternoon. BWC video and CAD unit-assignment logs are the only objective means to identify the John Doe officers.

Because HPD has attempted to "silo" records by citing a civil EDO incident number to claim a criminal-investigation exemption for the CAD logs, a location- and time-based request for this specific digital evidence is the only way to bypass HPD's administrative obstruction and preserve Plaintiff's claims.

Expediting this digital production serves the core objective of the Fifth Circuit's qualified immunity jurisprudence: early and efficient resolution. Under *Schultea v. Wood*, 47 F.3d 1427 (5th Cir. 1995), the Court will inevitably require Plaintiff to engage Defendants' anticipated QI defense with factual specificity. Without the BWC and CAD records, that reply will rely on Plaintiff's memory, virtually guaranteeing disputed facts that defeat early resolution. Producing the BWC footage now provides the ultimate objective baseline. It ensures Plaintiff's Rule 7(a) reply is anchored in undisputed video evidence, enabling this Court to resolve the QI defense decisively on the pleadings without getting bogged down in "competing factual narratives." *Cole v. Carson*, 935 F.3d 444, 446 (5th Cir. 2019) (en banc). Producing them now—rather than after a qualified-immunity motion triggers a second round of briefing, followed by a discovery motion, followed by production, followed by the reply—eliminates an entire cycle of avoidable motion practice.

## D. Factor 4: The Balance of Harms Favors Expedited Discovery

The burden on Defendant is negligible. HPD has already located the BWC footage for the open TPIA request but has simply defaulted on its statutory obligation to respond. CAD logs and EDO paperwork are electronically stored records that can be exported in minutes. As set forth above, the City has been in statutory default under Texas Government Code § 552.301 for over seven months; it has *legally forfeited* its right to withhold these records under state law. This Court's order would not compel disclosure of protected material—it would enforce a waiver the City has already effectuated through its own inaction.

Critically, this discovery imposes no burden on any individual officer. The requested records are stored on the City of Houston's servers—Axon Evidence.com for BWC footage, HPD's Computer-Aided Dispatch system for CAD logs, and HPD's Records Management System for the EDO file. Production requires action only by municipal IT and records personnel. Because municipalities possess no qualified immunity, *Owen v. City of Independence*, 445 U.S. 622, 638 (1980), and because the Fifth Circuit's *Carswell v. Camp* framework protects only individual officers from the "burdens of litigation," 54 F.4th at 314, there is no cognizable burden on any immunized party. **To ensure this remains true, Plaintiff affirmatively waives any right to depose any individual defendant asserting qualified immunity until the Court resolves the immunity question.** The discovery requested is document-only, directed at a municipality, and imposes no personal burden on any officer.

Conversely, the harm to Plaintiff—a pro se litigant who has spent seven months pursuing administrative disclosure through the Texas Public Information Act—is the permanent extinguishment of his constitutional claims against the unidentified officers and the inability to establish the objective factual foundation required for the Court's *Franks* analysis. The balance of harms overwhelmingly favors production.

## IV. PROPOSED EXPEDITED DISCOVERY

Plaintiff requests leave to serve the following targeted Requests for Production on Defendant City of Houston, with responses due within fourteen (14) days of the Court's Order:

1.      **Request for Production No. 1:** All body-worn camera (BWC) and in-car video footage, in its native electronic format with all associated metadata, recorded by any HPD officer who responded to, was dispatched to, or was present at or near 7470 Bellfort Street, Houston, Texas, between 12:00 PM and 11:59 PM CDT on August 26, 2024, that concern or involve Plaintiff, the reports of crimes made by Plaintiff, or the seizure and detention of Plaintiff, including but not limited to footage from Officer M. Hernandez (Badge No. 8324) and all other responding officers.

2.      **Request for Production No. 2:** HPD's internal file copy of the Notification of Emergency Detention (commonly referred to as an EDO), including any accompanying supervisor review forms and any other supplemental reports or sworn statements filed into HPD's Records Management System by Officer Hernandez or any "John Doe" responding officers concerning Incident No. 121581524.

3.      **Request for Production No. 3:** All Computer-Aided Dispatch (CAD) event logs, including all associated dispatch notes, officer queries, system lookups, and radio dispatch audio recordings, for any call for service, incident, or officer activity at

or near 7470 Bellfort Street, Houston, Texas, between 12:00 PM and 11:59 PM CDT on August 26, 2024, that concern or involve Plaintiff, the reports of crimes made by Plaintiff, or the seizure and detention of Plaintiff.

## V. CONCLUSION

Plaintiff—a pro se litigant who has spent seven months pursuing administrative disclosure through the Texas Public Information Act—now faces an insurmountable procedural barrier. The City of Houston holds the identity of a primary defendant behind a veil of silence. For this Court to deny the motion would be to permit a municipality to effectively expire the statute of limitations by simply refusing to name the participants in a recorded police encounter. This is the exact harm the *Murphy* and *Green* courts sought to prevent. Good cause exists to authorize this narrowly tailored discovery for the limited purpose of identifying all responsible parties and ensuring this action can proceed against all participants on its merits, rather than being foreclosed by a self-perpetuating cycle of non-disclosure.

Respectfully submitted,

Dated: April 8, 2026

*Robert W. Van Kirk*

**ROBERT W. VAN KIRK**
*Plaintiff, Pro Se*
7366 Brace St., Houston, TX 77061
(832) 428-2882
robertwaynevankirk@gmail.com

# CERTIFICATE OF CONFERENCE

Pursuant to S.D. Tex. Local Rule 7.1(D) and Judge Hanks's Court Procedures Section 6(C)(2), I certify that I have made extensive, good-faith efforts to confer regarding the substance of the relief requested. Acknowledging that the institutional Defendants may still be assigning specific counsel following execution of service, I provided explicit detail regarding the procedural urgency of this matter to the City of Houston Legal Department, including the impending Rule 4(m) service deadline and absolute statute of limitations concerning the "John Doe" backup officers. My attempts to confer included: (1) A comprehensive email to the City of Houston on March 30, 2026, outlining the requested relief and providing an advance draft of the motion; (2) A follow-up email on April 3, 2026, reiterating my availability for a phone or email conferral through 5:00 PM on April 6, 2026; and (3) Concurrent written notice to Defendant Officer M. Hernandez on April 8, 2026. Despite offering extended deadlines and acknowledging their internal constraints, the City of Houston declined to respond or agree to the requested early discovery necessary to identify its officers. Accordingly, this motion is submitted to the Court as opposed.

Robert W. Van Kirk

**ROBERT W. VAN KIRK**

## CERTIFICATE OF SERVICE

I hereby certify that on April 8, 2026, a true and correct copy of the foregoing document was served on the following parties by the methods indicated:

• **Defendant City of Houston** — via U.S. first-class·mail to the City of Houston Legal Department,.900 Bagby Street, 4th Floor, Houston, Texas 77002.

• **Defendant Harris County Hospital District d/b/a Harris Health System** — via U.S. first-class mail to the Harris Health System Legal Department, 4800 Fournace Place, Bellaire, Texas 77401. ·

• **Defendant Officer M. Hernandez (Badge No. 8324)** — via U.S. first-class mail addressed to the Houston Police Department Southeast Patrol Station, 8300 Mykawa Road, Houston, Texas 77048.

Because no Defendant has entered an appearance or designated counsel of record on the Court's CM/ECF system as of the date of this filing, CM/ECF electronic service is unavailable. The remaining individual Defendants (Officer John Doe, Valeria M. Contreras, M.D., and Jasmine Balbir Singh Aneja, R.N.) have not yet been served with the Original Complaint and Summons.

Robert W. Van Kirk

**ROBERT W. VAN KIRK**