**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS**

**HOUSTON DIVISION**

| | |
|---|---|
| **ROBERT W. VAN KIRK,**<br>*Plaintiff,*<br><br>v.<br><br>**OFFICER M. HERNANDEZ**, et al.,<br>*Defendants*. | Case No. 4:26-cv-02517<br><br>Honorable George C. Hanks Jr. |

## ORDER

Before the Court is Plaintiff's Motion for Preservation Order. Having considered the motion, the record, and the applicable law, the Court finds that good cause exists to ensure the preservation of relevant evidence and GRANTS the motion.

It is hereby **ORDERED** as follows:

### 1. Preservation of Evidence

Defendants City of Houston and Harris County Hospital District ("Harris Health") shall take all necessary steps to preserve the following categories of evidence —including, but not limited to, the specific items listed below—without alteration, deletion, or destruction, pending further order of the Court or the completion of discovery in this action.

### 1.1. City of Houston / HPD shall preserve:

a. All body-worn camera (BWC) and in-car video footage, including all associated metadata, recorded by any HPD officer who responded to, was dispatched to, or was present at or near 7470 Bellfort Street, Houston, Texas, between 12:00 PM and 11:59 PM CDT on August 26, 2024, that concern or involve Plaintiff, the reports of

crimes made by Plaintiff, or the seizure and detention of Plaintiff, including but not limited to footage from Officer M. Hernandez (Badge No. 8324) and all other responding officers.

b. All Computer-Aided Dispatch (CAD) records, call-taker notes, dispatcher remarks, unit assignment and status logs, radio communications recordings, and related metadata for any call for service, incident, or officer activity at or near 7470 Bellfort Street, Houston, Texas, between 12:00 PM and 11:59 PM CDT on August 26, 2024, that concern or involve Plaintiff, the reports of crimes made by Plaintiff, or the seizure and detention of Plaintiff.

c. All Houston Emergency Center (HEC) telephony records, including 911 call recordings, caller-ID metadata (ANI/ALI), call routing logs, Phase II E911 location data, and all contractor-held location data and metadata (e.g., RapidSOS, NGS911 transcripts/logs), and any records reflecting inbound or outbound calls associated with the Plaintiff's telephone number or the incident location on August 26, 2024.

d. All HPD Records Management System (RMS) entries, incident and offense reports, supplements, notes, and other documentation referencing Plaintiff, HPD Incident No. 121581524, and HPD Cybercrimes Case No. 1198816-24.

e. All physical evidence currently or formerly in HPD's possession in connection with Case No. 1198816-24 ("Tampering w/ Electronic"), including but not limited to all electronic devices, cellular telephones, computers, and storage media surrendered by Plaintiff or his family members, together with any and all forensic images, analysis reports, extraction data, chain-of-custody documentation, and property-room records

generated during HPD's possession. HPD shall retain possession of any and all such physical devices and shall not return, alter, or destroy any such device or forensic record without further order of this Court.

f. All internal and inter-agency communications (including emails, text messages, CAD instant messages, and Microsoft Teams chats) between HPD Officer M. Hernandez (or any HPD personnel), the HPD Mental Health Division ("MHMD") back-office, and personnel at Harris Health System regarding the drafting, transmission, scanning, or modification of the Application for Emergency Detention Order and associated Probate Court Order.

g. All copies of 18 U.S.C. § 2703(f) preservation requests, search warrants, subpoenas, or orders for disclosure sent by HPD to third-party service providers (including but not limited to Google, T-Mobile, Verizon, Microsoft, and Teamviewer) in connection with HPD Cybercrimes Case No. 1198816-24, together with all data and responses received from such providers.

**1.2. Harris Health shall preserve:**

a. The complete Electronic Health Record (EHR) and all related administrative, clinical, and billing records for Plaintiff's admission at Ben Taub Hospital and related transfer to Houston Behavioral Healthcare Hospital from approximately August 26, 2024 to September 6, 2024, including but not limited to all physician orders, nursing notes, restraint and seclusion records, medication-administration records, and Probate Court documentation.

b. The complete, raw EHR access and audit log (audit trail) for Plaintiff's record for the period August 26, 2024 through at least December 31, 2025, capturing all access, view, create, modify, print, export, and disclosure events with associated user IDs, timestamps, and terminal identifiers.

c. A complete Accounting of Disclosures for Plaintiff's protected health information covering the same period, including all disclosures to the Harris County Probate Court, Precinct 1 Constable, HPD, HBHH, and any other law-enforcement or judicial entities.

d. All security-camera video footage from the Ben Taub Psychiatric Emergency Center between 19:00 on August 26, 2024 and 08:00 on August 27, 2024, if such footage remains in Defendant's possession or was preserved in response to Plaintiff's September 3, 2025 Preservation Rider or pursuant to internal restraint-reporting policies under 42 C.F.R. § 482.13. If such footage no longer exists, Harris Health shall, within twenty (20) days of this Order, confirm in writing to Plaintiff and the Court (i) whether the footage was overwritten in the ordinary course of business, (ii) the approximate date of its destruction, and (iii) whether it was ever sequestered pursuant to internal restraint-reporting policies.

e. All electronic badge-reader and door-access logs for the Ben Taub Psychiatric Emergency Center covering the same timeframe identified in paragraph 1.2(d).

f. All internal communications, external emails to or from HPD personnel, upload logs, scanning metadata, document-version histories, and EHR audit trails specifically concerning the receipt, processing, scanning, and insertion of the Probate Court Emergency Detention Order related to Plaintiff's August 26, 2024 admission.

g. All internal telephony records, call logs, switchboard metadata, and system logs from the Ben Taub Psychiatric Emergency Center for the period August 26 to September 6, 2024, reflecting all inbound and outbound call attempts initiated by or directed to Plaintiff, including any records of blocked, restricted, or intercepted calls.

h. All internal IT department logs, network activity logs, VPN access logs, and ticketing system entries (e.g., ServiceNow, Jira) specifically related to the scanning or retroactive insertion of EDO-related physical documents into Plaintiff's Epic EHR on February 18, 2025.

## 2. Notice to Custodians

Within ten (10) days of this Order, counsel for each Defendant shall provide written notice of these preservation obligations to all relevant custodians of the evidence described above.

## 3. Protective Order

All materials produced or preserved pursuant to this Order that a party designates as "CONFIDENTIAL" in good faith shall be used solely for the prosecution or defense of this case and shall not be disclosed to any person except:

a. The Plaintiff, Robert W. Van Kirk; b. Counsel of record for any party in this action, including their staff; c. The Court and its personnel; d. Court reporters and videographers involved in depositions; e. Experts or consultants retained by a party for this litigation, provided they first sign an acknowledgment agreeing to be bound by this Order; and f. Any other person by written agreement of the parties or by order of the Court.

A party may challenge a "CONFIDENTIAL" designation by providing written notice to the designating party. The parties shall first attempt to resolve the dispute in good faith. If no resolution is reached within fourteen (14) days, the challenging party may move the Court for an order to de-designate the material. The designating party bears the burden of establishing that the designation is warranted.

If a party wishes to file any "CONFIDENTIAL" information with the Court, it must do so in compliance with the Southern District of Texas's local rules and procedures for filing documents under seal.

Within sixty (60) days of the final termination of this action, all "CONFIDENTIAL" information and copies thereof shall be returned to the producing party or destroyed, at the producing party's option.

### 4. Compliance

Failure to comply with the preservation obligations set forth in this Order may result in sanctions as the Court deems appropriate.

SIGNED on this _____ day of _____, 2026.


_____
UNITED STATES DISTRICT JUDGE