

OFFICE OF THE
HARRIS COUNTY ATTORNEY
**COUNSEL FOR HARRIS HEALTH**

April 22, 2026

To the Honorable George C. Hanks, Jr.                    *Filed via CM/ECF*
United States District Judge
515 Rusk Street, Room 6202
Houston, TX 77002

> **Re:**   ***Van Kirk v. Officer Hernandez et al.*, Civ. Action No. 4:26-cv-02517 (S.D. Tex. 2026)**

To the Honorable Judge Hanks:

I represent defendants Harris County Hospital District d/b/a Harris Health System ("Harris Health") and Jasmine Balbir Singh Aneja, R.N. ("Nurse Aneja") in Civil Action No. 4:26-cv-02517. Pursuant to § 6.B of the Court's procedures, Defendants respectfully request a pre-motion conference regarding a Rule 12(b)(1) & 12(b)(6) motion that they intend to file seeking dismissal of all the claims in Van Kirk's Complaint. Harris Health construes his Complaint to allege claims for:

(i)   *Monell* liability on account of certain alleged "customs" relating to Van Kirk's mental-health treatment

(ii)  *Monell* liability on account of due-process violations related to "arbitrary confinement and fabricated evidence"

(iii) individual § 1983 liability against Nurse Aneja for a "denial of communication rights" and instigating an "iatrogenic feedback loop"

The grounds for the motion are set forth below.

**Bases for Seeking Dismissal under Rule 12(b)(6)**

First, with respect to claim (i), none of the alleged "customs" are customs; they are simply Van Kirk's complaints about his own medical treatment. One incident is not a policy or custom. *World Wide Street Preachers Fellowship v. Town of Columbia*, 591 F.3d 747, 753–54 (5th Cir. 2009).

Second, with respect to claim (i), none of the customs he cites implicate his constitutional rights. For instance, he demands that Harris Health change its employee ID badges to say "Ben Taub Hospital" in addition to "Harris Health." There is no federal right to demand that. The same goes for his other alleged Harris Health customs, including that of "uncritically" adopting "law enforcement narratives."

<u>Third</u>, with respect to claim (ii), the alleged fabrication is not even a fabrication. Van Kirk was subject to a Notification of Detention on account of a police officer's concerns about Van Kirk's mental health. He does not actually dispute that he was emergently detained. He also admits that the Notification is in his medical record. His theory is that because a substantively-identical copy of his Notification was put in his medical record several months later, his emergency detention was void *ab initio*. No law supports that theory.

<u>Fourth</u>, with respect to claim (ii), the purported fabrication is not a custom (it is only alleged to have happened once), nor does the timing of the placement of his Notification in his medical records implicate any of his federal rights.

<u>Fifth</u>, with respect to claim (iii) against Nurse Aneja, Van Kirk's claims are seriously infirm. He was not denied the right to call an attorney. When given the opportunity, he tried to call individuals other than his attorney. When those calls did not go through, he claimed the telephone was nonfunctional or fake.

### Bases for Seeking Dismissal under Rule 12(b)(1)

Defendants are also seeking dismissal under Rule 12(b)(1) because Van Kirk lacks standing to obtain prospective injunctive relief. He repeatedly asserts that he is not suicidal or homicidal and implies that he should never have been emergently detained. *See, e.g.*, Complaint, ¶¶ 52–54. Yet all four (4) requests for injunctive relief in his Complaint relate to his emergency detention, and he does not demonstrate that he is in danger of being detained in the future.

### Van Kirk Cannot Overcome Nurse Aneja's Qualified Immunity

Van Kirk alleges that Nurse Aneja is liable under § 1983 because she (1) denied him access to an attorney, (2) "pathologized" his complaints about the telephone, and (3) sparked an "iatrogenic feedback loop." Complaint, ¶ 121. None of those theories implicate any federal rights.

Additionally, there are only two factual allegations about Nurse Aneja's conduct, neither of which even suggest that she violated Van Kirk's constitutional rights. She is alleged to have (1) documented in his medical record that he wanted to call his lawyer, and (2) documented in his medical record that he did not believe the phone was real.

### Plaintiff's Responses

I contacted Van Kirk by e-mail on April 15, 2026 and on April 21, 2026, asking whether he would like to confer regarding Defendants' prospective motion. As of the time of the filing this letter, Van Kirk has not responded.

### Conclusion

Defendants respectfully request a pre-motion conference or other such relief that the Court may find appropriate.

Sincerely,

HARRIS COUNTY ATTORNEY

By: */s/ Michael D. Fritz*
Michael D. Fritz
Assistant County Attorney
Texas Bar No. 24083029
S.D. Tex ID No. 2440934
*Michael.Fritz@harrishealth.org*
4800 Fournace Place
Sixth Floor, East Wing
Bellaire, Texas 77401
(346) 426-0326 (telephone)