

# CITY OF HOUSTON
### Legal Department

**John Whitmire**

Mayor

Arturo G. Michel
City Attorney
Legal Department
P.O. Box 368
Houston, Texas 77001-0368
City Hall Annex
900 Bagby, 4th Floor

T. 832.393.6491
F. 832.393.6259
www.houstontx.gov

April 22, 2026

Honorable George C. Hanks, Jr.
United States District Judge
United States District Court
Southern District of Texas – Houston Division

Re:     Request for Pre-Motion Conference in *Robert W. Van Kirk v. Officer M. Hernandez, et al.*,
        Case No. 4:26-cv-02517 in the United States District Court for the Southern District of Texas
        – Houston Division.

Dear Judge Hanks:

Defendants City of Houston ("City") and Officer M. Hernandez (collectively "City Defendants")
request a pre-motion conference in accordance with the Court's procedures, prior to filing motions to
dismiss under Federal Rule of Civil Procedure 12.

**Nature of the Case:**  Plaintiff sues the City of Houston, Officer M. Hernandez, Officer John Doe,
Harris County Hospital District d/b/a Harris Health System/Ben Taub Hospital, Valeria M. Contreras,
M.D., and Jasmine Balbir Singh Aneja, R.N., asserting claims under 42 U.S.C. § 1983 and Title II of
the Americans with Disabilities Act (ADA).  Doc. #1.

**Conference and resulting agreement:**  The undersigned counsel for City Defendants and the
Plaintiff, Mr. Robert W. Van Kirk, *pro se*, conferred in good faith by email beginning on April 20,
2026, for the City, and April 21, 2026, for Officer Hernandez, and agreed to a resulting schedule:
Plaintiff will file a First Amended Complaint by <u>May 14, 2026</u>, and Defendants' responsive pleading
deadline is extended until <u>fourteen (14) days thereafter</u>.

**City Defendants' Grounds for Dismissal under FRCP 12(b)(1) and 12(b)(6):**

<u>Lack of Article III Standing.</u>  Plaintiff only has standing to sue the City Defendants for the alleged
temporary emergency detention and transport to Ben Taub Hospital.  All the other complaints must be
dismissed under Rule 12(b)(1) as they do not involve injuries in fact fairly traceable to the City
Defendants or a cognizable constitutional or federal right.

Council Members:  Amy Peck   Tarsha Jackson   Abbie Kamin   Carolyn Evans-Shabazz   Fred Flickinger   Tiffany D. Thomas  Mary Nan Huffman  Mario Castillo
Joaquin Martinez   Edward Pollard   Martha Castex-Tatum   Julian Ramirez   Willie Davis   Twila Carter   Alejandra Salinas   Sallie Alcorn
Controller:  Chris Hollins

The Plaintiff has no right to a police investigation of reported crimes, and the complaint has not alleged he was denied one.  There is no federal constitutional right to have wrongdoers prosecuted, or "brought to justice." *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973).  There was no denial of an investigation; according to the pleadings and attachments, an investigator had not yet been assigned.

The pleadings do not support a claim against the City Defendants for actions by the hospital or medical staff, including the forcible administration of drugs and involuntary commitment.  State law imposes specific duties and grants powers exclusively to medical or mental health professionals and the state to hold individuals under Chapter 573, Texas Health and Safety Code, not the City or its officers.

The Texas Public Information Act (TPIA) does not create a private cause of action for damages for alleged violations, or for prospective relief against the City.  *AIM Media Tex., LLC v. City of Odessa*, 663 S.W.3d 324, 333-36 (Tex. App.—Eastland 2023, pet. denied); *Hundall v. Univ. of Tex. at El Paso (UTEP)*, No. EP-13-CV-00365-DCG, 2014 U.S. Dist. LEXIS 201114, at *11-12 (W.D. Tex. 2014) (citations omitted).  The alleged denial of active police investigation records does not constitute a TPIA violation, as these records are exempt from public disclosure and subject to the law enforcement privilege.  TEX. GOV'T CODE § 552.108.

The complaint fails to state a claim against the City under 42 U.S.C. § 1983 and *Monell*.  The City cannot be liable under a theory of respondeat superior as Plaintiff expressly attempts here, nor can it be liable for the actions of the County hospital and its personnel which the City neither controlled nor employed.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).  The complaint does not identify the responsible policymaker or an unconstitutional policy or custom of the City that was the moving force behind a constitutional violation.  The conclusory allegation that the City has an obvious history of similar discrimination based on disclosed disabilities fails without a specific custom, training or supervision failure, and the requisite pattern of sufficient, similar resulting constitutional violations in context of one of the nation's largest cities and police departments.  The complaint offers no facts to support a ratification theory of liability or the "extreme factual situation" to which it may apply.  *See World Wide Street Preachers Fellowship v. Town of Columbia*, 591 F.3d 747, 755 (5th Cir. 2009) (quoting *Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 848 (5th Cir. 2009)).

Failure to plausibly allege a constitutional violation requires dismissal.  No Fourth Amendment violation.  The Notification of Emergency Detention (Doc. #1-1 at 2) demonstrates a lawful temporary detention under Section 573.001 of the Texas Health and Safety Code then in effect, limited to Plaintiff's involuntary transport to hospital for evaluation.  TEX. HEALTH & SAFETY § 573.001 (2024).  The hospital's forcible administration of anti-psychotic drugs and involuntary commitment of Plaintiff for 11 days thereafter confirm the temporary emergency detention was reasonable.

No Fourteenth Amendment deprivation.  Plaintiff does not plausibly allege that City Defendants involuntarily committed him or denied him a process he was due under the Fourteenth Amendment.  The Officer's detention and authority ended upon transporting Plaintiff to hospital for evaluation.  Medical professionals were required to assess and release Plaintiff within 12 hours absent sufficient medical grounds and evidence.  A vaguely alleged probate court proceeding that was unsuccessful in having Plaintiff committed does not involve an unconstitutional deprivation of liberty or due process by the City Defendants.  Alleged "branding" or classification by information entered in government reports or a database do not constitute a deprivation of life, liberty, or property, under the

Fourteenth Amendment.  *See Swan v. Shields*, No. 4:25-cv-2799, 2026 U.S. Dist. LEXIS 61581, at *8 (S.D. Tex. Mar. 24, 2026) (dismissing similar claims); *Paul v. Davis*, 424 U.S. 693, 712 (1976).

Failure to allege an actionable violation under the ADA.  Failure to plausibly allege the discriminatory denial of a benefit or service by the City itself, through its official policies or an official policymaker, defeats this claim as a matter of law.  *Hainze v. Richards*, 207 F.3d 795, 801 (5th Cir. 2000) (citations omitted).  The subjective conclusion that Plaintiff was discriminatorily detained and denied a police investigation because of mental health disclosures in response to "direct questions" by Officer Hernandez does not suffice and would render almost every Chapter 573 detention discriminatory in violation of the ADA.  Plaintiff's alleged mental health disclosures to Officer Hernandez who was flagged down while on patrol could not have retroactively caused a discriminatory refusal to investigate by other officers or divisions, which cannot be attributed to any action by Officer Hernandez individually.  Courts have consistently rejected similar complaints of alleged "branding" as insufficient to state an ADA violation.

The ADA does not provide for individual liability.  The complaint concerning the ADA fails to state a claim against Officer Hernandez because the ADA does not provide for individual liability.  *Meeks v. Ray*, No. 4:22-cv-237, 2025 U.S. Dist. LEXIS 150349, at *56-57 (E.D. Tex. Apr. 7, 2025) (citations omitted).

Failure to overcome Officer Hernandez's Qualified Immunity.  The plaintiff bears the burden to overcome qualified immunity without any discovery, by demonstrating that (1) the official "violated a statutory or constitutional right," and (2) the right was "clearly established at the time."  *Sweetin v. City of Tex.*, 48 F.4th 387, 391-92 (5th Cir. 2022) (citations omitted).  The clearly established inquiry is demanding, because the plaintiff must point to a precedential Fifth Circuit or Supreme Court case almost squarely on point; qualified immunity will protect all but the plainly incompetent or those who knowingly violate the law.  *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1160 (5th Cir. 2021).

Officer Hernandez cannot be liable for the alleged actions of other officers or divisions, County or Hospital officials. *Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992); *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986).  Government officials are not liable under § 1983 when enforcing or acting as authorized by a presumptively valid state law.  *See Swanson v. Powers*, 937 F.2d 965, 969 (4th Cir. 1991); *Echols v. Parker*, 909 F.2d 795, 801 (5th Cir. 1990); *Bigford v. Taylor*, 834 F.2d 1213, 1222 (5th Cir. 1988).  The pleading attachments show that Officer Hernandez did not falsely represent that Plaintiff was a present danger or threat to himself or others.  Chapter 573 does not require an imminent danger to oneself or others, and permits temporary emergency detention, without warrant, for transport to hospital for evaluation, if an officer reasonably believes a person suffering from a mental health condition appears to be deteriorating and could end up at risk without intervention.  Even assuming *arguendo* that the Officer was mistaken, qualified immunity protects reasonable mistakes, and there is no case on point clearly establishing a constitutional violation.

**Conclusion.**  The City Defendants request a pre-motion conference and entry of a briefing schedule allowing the Plaintiff an opportunity to file an amended complaint by May 14, 2026, permission to file and an extension of time until fourteen days thereafter for Defendants to file Motion(s) to dismiss under Rule 12 or responsive pleadings.

3

Respectfully Submitted,

Melissa Azadeh
Texas Bar No. 24064851
Federal Bar No. 1090186
Senior Assistant City Attorney II
832-393-6270
melissa.azadeh@houstontx.gov
**Attorney for Defendants City of Houston and Officer M. Hernandez**

Cc:    Mr. Robert W. Van Kirk, Plaintiff, *pro se.*
       RobertWayneVanKirk@gmail.com