UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT W. VAN KIRK, | § | CIVIL ACTION NO. 4:26−cv−02517 |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| OFFICER M. HERNANDEZ, et al. | § | |
| *Defendants* | § | Jury Trial Demanded |

**DEFENDANT VALERIA M. CONTRERAS, MD'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Valeria M. Contreras ("Defendant") files this Answer to Plaintiff's Complaint (Doc. #1) and would respectfully show this Court as follows:

**ADMISSIONS AND DENIALS**

1. Defendant denies that Plaintiff has any civil rights causes of action against her. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 1.

2. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2.

3. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3.

4. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4.

5. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5.

6.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6.

7.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7.

8.      Defendant avers that Paragraph 8 contains legal contentions which do not require responsive pleadings. To the extent that Paragraph 8 contains allegations, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

9.      Defendant denies that she violated any of Plaintiff's constitutional rights or that she violated the Americans with Disabilities Act.

10.     Defendant denies Plaintiff has federal claims that may be asserted against them but admit that this Court has jurisdiction over federal claims through 28 U.S.C. §1331.

11.     Defendant admits that venue is proper in this Court but denies that she is liable to Plaintiff under any of Plaintiff's causes of action.

12.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12.

13.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13.

14.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14.

15.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15.

16.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16.

17.    Defendant denies that she is an employee of Harris Health and denies that she is a proper party to this lawsuit. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 17.

18.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18.

19.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19.

20.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20.

21.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21.

22.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22.

23.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23.

24.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24.

25.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25.

26. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26.

27. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27.

28. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28.

29. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29.

30. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30.

31. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31.

32. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32.

33. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33.

34. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34.

35. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35.

36. Defendant asserts that Plaintiff inadequately describes the actions of a qualified health professional when evaluating patients. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 36.

37. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37.

38. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 38.

39. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 39.

40. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 40.

41. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 41.

42. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 42.

43. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 43.

44. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 44.

45. Defendant denies the allegations contained in Paragraph 45.

46. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations related to the scanning of the "sworn EDO." Defendant denies the remaining allegations contained in Paragraph 46.

47. Defendant denies the allegations contained in Paragraph 47.

48. Defendant denies that she inappropriately prevented Plaintiff from access to an attorney. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 48.

49. Defendant denies that she adopted any other person's narrative. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 49.

50. Defendant denies that her identity was withheld from Plaintiff. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 50.

51. Defendant denies that she ignored Plaintiff or any of his requests of which she was aware. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 51.

52. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 52.

53. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 53.

54.     Defendant admits that she ordered a chemical restraint for Plaintiff. Plaintiff misrepresents or takes the other phrases out of context. For that reason, Defendant denies the remaining allegations contained in Paragraph 54.

55.     Defendant denies the allegations contained in Paragraph 55.

56.     Defendant denies the allegations contained in Paragraph 56.

57.     Defendant denies that any order placed by her was inappropriate or unnecessary. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 57.

58.     Defendant denies that any actions by her were inappropriate or violated any constitutional rights or laws. Defendant denies the allegations contained in Paragraph 58.

59.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 59.

60.     Defendant admits that Plaintiff transferred to Houston Behavioral Health Hospital and discharged on September 6, 2024. Defendant denies that any of her actions were inappropriate or violated any constitutional rights or laws. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 60.

61.     Defendant denies that she fabricated or altered any records. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 61.

62.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 62.

63. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 63.

64. Defendant denies that she fabricated or altered any records. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 64.

65. Defendant denies that she violated any regulations. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 65.

66. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 66.

67. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 67.

68. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 68.

69. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 69.

70. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 70.

71. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 71.

72. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 72.

73.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 73.

74.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 74.

75.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 75.

76.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 76.

77.    Paragraph 77 is an incorporation paragraph.

78.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 78.

79.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 79.

80.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 80.

81.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 81.

82.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 82.

83.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 83.

84.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 84.

85.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 85.

86.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 86.

87.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 87.

88.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 88.

89.     Paragraph 89 is an incorporation paragraph.

90.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 90.

91.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 91.

92.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 92.

93.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 93.

94.     Defendant contends that Paragraph 94 contains statements of law which do not require responsive pleadings. To the extent that Paragraph 94 contains allegations,

Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

95. Paragraph 95 is an incorporation paragraph.

96. Defendant denies that any of her actions violated any constitutional rights or laws. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 96.

97. Defendant contends that Paragraph 97 contains statements of law which do not require responsive pleadings. To the extent that Paragraph 97 contains allegations, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

98. Defendant denies that she manufactured or fabricated any records. Defendant denies that she violated any constitutional rights or laws.

99. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 99.

100. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 100.

101. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 101.

102. Defendant contends that Paragraph 102 contains statements of law which do not require responsive pleadings. To the extent that Paragraph 102 contains allegations, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

103.    Paragraph 103 is an incorporation paragraph.

104.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 104.

105.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 105.

106.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 106.

107.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 107.

108.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 108.

109.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 109.

110.    Paragraph 110 is an incorporation paragraph.

111.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 111.

112.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 112.

113.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 113.

114.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 114.

115. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 115.

116. Paragraph 116 is an incorporation paragraph.

117. Defendant contends that Plaintiff has improperly recast his health care liability claims as constitutional violations. Defendant denies that she was a state actor during any period relevant to Plaintiff's claims.

118. Defendant admits that she ordered a restraint of Plaintiff. Defendant denies the remaining allegations contained in Paragraph 118.

119. Defendant denies the allegations contained in Paragraph 119.

120. Defendant denies the allegations contained in Paragraph 120.

121. Paragraph 121 is an incorporation paragraph.

122. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 122.

123. Defendant denies the allegations contained in Paragraph 123.

124. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 124.

125. Paragraph 125 is an incorporation paragraph.

126. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 126.

127. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 127.

128.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 128.

129.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 129.

130.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 130.

131.    Defendant denies that she is liable to Plaintiff under any theory and denies that Plaintiff is entitled to any recovery of damages, expenses, punitive damages, attorneys' fees, or costs.

132.    Defendant denies that Plaintiff is entitled to any recovery of pre-judgment or post-judgment interest.

**DEFENSES**

133.    Defendant does not admit any liability by asserting her defenses. Defendant specifically denies all allegations of liability in Plaintiff's Complaint. Plaintiff has the burden to prove facts to support his causes of action. The burden of proof does not shift to Defendant because she pled defenses.

134.    Plaintiff has failed to state any claim against Defendant within this Court's jurisdiction as he improperly recasts his medical negligence claims as constitutional violations.

135.    Plaintiff has failed to state any claim against Defendant under 42 U.S.C. § 1983 as Defendant is not a state actor.

136. Defendant avails herself of the protections and limitations provided by Chapter 74 of the Texas Civil Practice and Remedies Code and Texas law.

137. Defendant affirmatively pleads the provisions of Chapter 74, Subchapter G of the Texas Civil Practice & Remedies Code, limiting the liability of Defendant.

138. Defendant states that recovery is limited in accordance with section 74.301 of the Texas Civil Practice and Remedies Code or, pleading in the alternative, section 74.302 of the Texas Civil Practice and Remedies Code or other statutes of this State restricting the amount of recovery in this cause.

139. Pleading further, Defendant invokes section 74.303 of the Texas Civil Practice and Remedies Code and its limitations on damages and/or restrictions of the amount of recovery in this cause.

140. Defendant pleads sections 74.401, 74.402 and 74.403 of the Texas Civil Practice and Remedies Code pertaining to qualifications of expert witnesses.

141. Defendant invokes the provisions of Chapter 304 of the Texas Finance Code and Chapter 41 of the Texas Civil Practices and Remedies Code regarding the limitations and restrictions on recovery of prejudgment and post-judgment interest, including but not limited to the restriction that prejudgment interest may not be assessed or recovered on an award of exemplary damages.

142. Defendant specifically pleads the limitation on amount of recovery of exemplary damages provided by sections 41.007 and 41.008 of the Texas Civil Practice and Remedies Code.

143. Defendant specifically pleads that any award of punitive damages in favor of Plaintiff would deprive Defendant of her constitutional right of due process guaranteed by Article I, Section 19, of the Constitution of the State of Texas and the Fourteenth Amendment to the Constitution of the United States of America.

144. Defendant specifically pleads that any award of punitive damages in favor of Plaintiff would violate Article XVI, Section 26, of the Constitution of the State of Texas and would deprive Defendant of her rights guaranteed by the Constitution of the State of Texas and the Constitution of the United States of America.

145. Defendant further affirmatively pleads provisions of § 74 et seq. of the Texas Civil Practice & Remedies Code and hereby requests that should liability be found, which Defendant expressly denies, any award of future damages, including but not limited to damages for medical, healthcare, custodial services, physical pain, mental anguish, disfigurement, physical impairment, loss of consortium, and loss of earnings, which equal or exceed $100,000, be paid in periodic payments as authorized by the above provisions.

146. Defendant further affirmatively pleads the provisions of § 41.0105 of the Texas Civil Practice & Remedies Code, which limit the amount of recoverable medical or health care expenses to those actually paid by or incurred on behalf of the claimant.

147. For further answer, Defendant invokes her legal right to a reduction of any dollar verdict, which may be rendered in this cause by percentage reductions to which Defendant would be entitled as a result of jury findings against other persons or entities. In this connection, Defendant reserves the right to submit issues against parties who may be

present in the case or absent from the case at the time the matter is submitted to the jury for fact determinations.

148.   Pursuant to § 18.091 of the Texas Civil Practice & Remedies Code, Plaintiff is required to prove any loss of earnings, loss of earning capacity, or loss of contributions of pecuniary value in the form of a net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law. Pleading further, Defendant requests the Court to instruct the jury as to whether any recovery for compensatory damages sought by Plaintiff is subject to federal and/or state income and estate taxes.

149.   To the extent that any medical expenses secured by, including but not limited to, insurance, pre-payment plan, loan, and/or on credit and said expenses have been satisfied by a third-party, forgiven, discharged, written off, and/or reduced in connection with the injuries made the basis of this suit, in the unlikely event that Plaintiff obtains a final judgment against Defendant, she would respectfully show that she is entitled to a credit and/or offset for the total amount of such write-offs and/or expenditures incurred and paid by others and accruing to Plaintiff.

150.   Defendant further pleads that Plaintiff's injuries were caused by a superseding, intervening cause or a new and independent cause not reasonably foreseeable by Defendant, which broke the chain of causation, if any, such that any negligence on the part of Defendant, which is denied, could not have been the legal cause, actual cause, or proximate cause of the injuries or damage allegedly sustained by Plaintiff.

151.   Answering further, Defendant would show that the injuries and damages alleged by Plaintiff, if in fact they are true, were not caused by Defendant, but were caused by an

unavoidable accident, were medically unavoidable, or were caused by the acts of Plaintiff or the acts of third parties over whom Defendant has no right of control and for whom Defendant were and are not responsible. Thus, Defendant affirmatively pleads the provisions of § 33.001 et seq. of Chapter 33 of the Texas Civil Practice & Remedies Code which sets forth the procedures for determining and asserting proportionate responsibility and contribution for any cause of action based on tort.

152. Defendant invokes Sections 26.01(a) and 26.01(b)(8) of the Texas Business and Commerce Code.

**JURY DEMAND**

Defendant requests a jury trial.

**PRAYER**

Defendant Valeria M. Contreras, MD respectfully asks the Court to deny Plaintiff any and all relief demanded in his Complaint, dismiss Plaintiff's claims with prejudice, award Defendant attorney fees and costs, and grant Defendant all other and further relief to which she may be entitled.

Respectfully submitted,

SPENCER FANE, LLP

By: _____

E. Dale Burrus
Attorney-in-Charge
State Bar No. 24012120
SDTX Bar No. 30517
dburrus@spencerfane.com
Colin P. Goodman
State Bar No. 24099683
SDTX Bar No. 3047488
cgoodman@spencerfane.com
3040 Post Oak Boulevard, Suite 1400
Houston, Texas 77056
Telephone: (713) 552-1234
Telecopier: (713) 963-0859

ATTORNEYS FOR DEFENDANT
VALERIA M. CONTRERAS, MD

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of May 2026, a true and correct copy of the foregoing was served on all counsel of record in accordance with the Federal Rules of Civil Procedure.

E. Dale Burrus