OFFICE OF THE
HARRIS COUNTY ATTORNEY
**COUNSEL FOR HARRIS HEALTH**

May 28, 2026

To the Honorable George C. Hanks, Jr.
United States District Judge
515 Rusk Street, Room 6202
Houston, TX 77002

*Filed via CM/ECF*

**Re:** ***Van Kirk v. Officer Hernandez et al.*****, Civ. Action No. 4:26-cv-02517 (S.D. Tex. 2026)**

To the Honorable Judge Hanks:

I represent defendants Harris County Hospital District d/b/a Harris Health System ("Harris Health"), social worker Monique Jones ("Social Worker Jones"), and Jasmine Balbir Singh Aneja, R.N. ("Nurse Aneja") in Civil Action No. 4:26-cv-02517. Pursuant to § 6.B of the Court's procedures, Defendants respectfully request a pre-motion conference regarding a Rule 12(b)(1) & 12(b)(6) motion they intend to file seeking dismissal of all the claims in Van Kirk's Complaint. Harris Health construes his Complaint to allege claims for:

(i) *Monell* liability against Harris Health on account of certain alleged "customs" relating to Van Kirk's mental-health treatment

(ii) individual § 1983 liability against Social Worker Monique Jones for a due-process violation relating to "fabrication of evidence"

(iii) individual § 1983 liability against Nurse Aneja for "denial of access to counsel and state-created liberty interest"

The grounds for the motion are set forth below.

**Bases for Seeking Dismissal Under Rule 12(b)(1)**

i. Traceability With Respect to Jones

Van Kirk's entire theory of liability against Social Worker Jones is based on her statement—in an affidavit she submitted to support an application for a protective custody order for Van Kirk—that he "attempted to elope" from the hospital. Van Kirk argues that he only made *verbal* threats of eloping, not *physical* attempts, and thus Jones's affidavit is technically incorrect.

Setting aside the fact that Van Kirk's medical record is in tension with claims, his legal theory has a traceability problem. Jones said several other things in her affidavit that Van Kirk does not dispute, including that he was paranoid and claiming the hospital was fake. Complaint, ¶ 138. Dr. Contreras also submitted an affidavit to support the application that included similar observations. Complaint, ¶ 146. The County Probate Court independently reviewed all of these materials and issued an order for protective custody. *See* TEX. HEALTH & SAFETY CODE § 574.022. "For traceability to exist, there must be a causal connection between the injury and the conduct complaint of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." *Does #1-7 v. Abbott*, 345 F. Supp. 3d 763, 773 (N.D. Tex. 2018) (internal quotation omitted). Any suggestion that Jones's affidavit, if it did not mention elopement, would not been enough to justify the protective-custody order is irreducible speculation that cannot establish traceability. *Greenwald v. Murrill*, No. 24-30661, 2026 WL 500139, at *4 (5th Cir. Feb. 23, 2026) ("[T]raceability may not be based on speculation.").

Moreover, protective custody lasts only 72 hours. TEX. HEALTH & SAFETY CODE § 574.025. In the interim, Van Kirk was appointed an attorney to represent his interests at a probable-cause hearing at the end of that 72-hour period. *Id.* § 574.024. He never alleges that Jones attended the probable-cause hearing. Yet the County Probate Court evidently found probable cause, since Van Kirk says he remained at the Houston Behavioral Healthcare Hospital.

In short, his claimed deprivation of due-process is not fairly traceable to a single statement about eloping in Jones's affidavit. He received all the process due under state and federal law.

ii. <u>Traceability and Injury-in-Fact With Respect to Nurse Aneja</u>

Van Kirk's traceability problems are even more acute with respect to Nurse Aneja. He faults her for entering the code "PTALEDOWC" in his chart, which indicated that Van Kirk was "insisting on leaving." *See* Complaint, ¶ 258(a).

His acknowledgment of this code is hard to square with his allegations against Jones. As a result, his theory is that Nurse Aneja's inputting the PTALEDOWC code into his medical record led to Social Worker Jones's statement about his attempting to elope, which in turn led to his protective custody. *Id.* This is all too attenuated to establish traceability.

His denial-of-counsel theory against Nurse Aneja has its own standing problem: he has no injury-in-fact. He admits he was given a chance to call an attorney. Complaint, ¶ 80. For reasons that he never explains, he called others, including 811, instead. Complaint, ¶ 81.

**Bases for Seeking Dismissal under Rule 12(b)(6)**

<u>First</u>, with respect to claim (i), none of the alleged "customs" he alleges are customs; they are simply Van Kirk's complaints about his own medical treatment. One incident is not a policy or custom. *World Wide Street Preachers Fellowship v. Town of Columbia*, 591 F.3d 747, 753–54 (5th Cir. 2009).

<u>Second</u>, with respect to claims (i)–(iii), complaints about his medical treatment are not the proper subject of a § 1983 action. Section 1983 is not a federal malpractice statute.

Third, with respect to claims (i) and (ii), the alleged fabrication is not even a fabrication. Van Kirk was subject to a Notification of Detention on account of a police officer's concerns about Van Kirk's mental health. He does not actually dispute that he was emergently detained. He also admits that the Notification is in his medical record. His theory is that because a substantively-identical copy of his Notification was put in his medical record several months later, his emergency detention was somehow void *ab initio*. Neither common sense nor any legal authority endorses his theory.

Fourth, with respect to claim (ii) against Jones, Van Kirk's claims fail for several reasons, most notable of which is that he faults Jones for including facts in her affidavit that are also supported by his own medical record.

Fifth, with respect to claim (iii) against Nurse Aneja, Van Kirk's claims are seriously infirm. He was not denied the right to call an attorney. When given the opportunity, he tried to call individuals other than his attorney. When those calls did not go through, he claimed the telephone was nonfunctional or fake. And the right to a phone call is a state right, not a federal one.

**Van Kirk Cannot Overcome Either Nurse Aneja or Social Worker Jones's Qualified Immunity**

Similar issues ensure that Van Kirk cannot overcome the individual defendants' qualified immunity. He alleges that Nurse Aneja is liable under § 1983 because she allegedly: (1) falsified the PTALEDOWC code in Van Kirk's chart; and (2) denied him access to counsel. Complaint, ¶ 258. But neither theory implicates any federal rights. And as noted above, his medical record and Complaint collectively confirm that neither event occurred.

His claims against Social Worker Jones are likewise infirm. Jones simply noted what she observed. That is not a denial of Van Kirk's constitutional rights.

**Plaintiff's Response**

I contacted Van Kirk by e-mail on May 26, 2026, asking whether he would like to confer regarding Defendants' prospective motion. Van Kirk indicated he was opposed.

**Conclusion**

Defendants respectfully request a pre-motion conference or other such relief that the Court may find appropriate.

Sincerely,

JONATHAN G.C. FOMBONNE
HARRIS COUNTY ATTORNEY
By: *<u>/s/ Michael D. Fritz</u>*
Michael D. Fritz
Senior Assistant County Attorney
Texas Bar No. 24083029
S.D. Tex ID No. 2440934
*Michael.Fritz@harrishealth.org*
4800 Fournace Place
Sixth Floor, East Wing
Bellaire, Texas 77401
(346) 426-0326 (telephone)