CITY OF HOUSTON
Legal Department

John Whitmire
Mayor

Arturo G. Michel
City Attorney
Legal Department
P.O. Box 368
Houston, Texas 77001-0368
City Hall Annex
900 Bagby, 4th Floor

T. 832.393.6491
F. 832.393.6259
www.houstontx.gov

May 28, 2026

Honorable George C. Hanks, Jr.
United States District Judge
United States District Court
Southern District of Texas – Houston Division

Re: Request for Pre-Motion Conference: *Robert W. Van Kirk v. Officer M. Hernandez, et al.*, Case 4:26-cv-02517; United States District Court, Southern District of Texas, Houston Division.

Dear Judge Hanks:

Defendants City of Houston ("City") and Officer M. Hernandez (collectively "City Defendants") request a pre-motion conference in accordance with the Court's procedures, prior to filing motions to dismiss the Plaintiff's Amended Complaint (Doc. #21) under Federal Rule of Civil Procedure 12.

**Nature of the Case:** Plaintiff sues the City of Houston, Officer M. Hernandez, Harris County Hospital District d/b/a Harris Health System/Ben Taub Hospital, Valeria M. Contreras, M.D., and Jasmine Aneja, R.N., asserting claims under 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act (ADA). Docs. #1; #21.

**Conference:** The undersigned counsel for City Defendants and the Plaintiff, Mr. Robert W. Van Kirk, *pro se*, previously conferred by email on April 20-21, 2026, and agreed that Plaintiff would file a First Amended Complaint by May 14, 2026. The undersigned counsel and Plaintiff conferred by email regarding the Amended Complaint on May 26-27, 2026, and were unable to reach any agreement.

**City Defendants' Grounds for Dismissal under FRCP 12(b)(1) and 12(b)(6):**

<u>Lack of Article III Standing.</u> Plaintiff only has standing to sue the City Defendants for his alleged temporary emergency detention for transport to Harris Health for mental health assessment. Any involuntary detention or commitment thereafter by Harris Health or subsequently Houston Behavioral Healthcare Hospital (HBHH) are not fairly traceable to any action of the City Defendants. State law imposes specific duties and grants powers exclusively to medical or mental health professionals and the state to hold individuals under Chapter 573, Texas Health and Safety Code, not the City or its

Council Members: Amy Peck Tarsha Jackson Abbie Kamin Carolyn Evans-Shabazz Fred Flickinger Tiffany D. Thomas Mary Nan Huffman Mario Castillo Joaquin Martinez Edward Pollard Martha Castex-Tatum Julian Ramirez Willie Davis Twila Carter Alejandra Salinas Sallie Alcorn
Controller: Chris Hollins

officers. All the other complaints must be dismissed under Rule 12(b)(1) as they do not involve injuries in fact fairly traceable to the City Defendants or the violation of a cognizable constitutional or federal right.

The Texas Public Information Act (TPIA) does not create a private cause of action for damages for alleged violations, or for prospective relief against the City. *AIM Media Tex., LLC v. City of Odessa*, 663 S.W.3d 324, 333-36 (Tex. App.—Eastland 2023, pet. denied); *Hundall v. Univ. of Tex. at El Paso (UTEP)*, No. EP-13-CV-00365-DCG, 2014 U.S. Dist. LEXIS 201114, at *11-12 (W.D. Tex. 2014) (citations omitted). The TPIA denials lawfully relied on (1) Plaintiff's agreement to all exceptions without the need for an Attorney General opinion; and (2) Tex. Gov't Code § 552.108 which exempts various information held by law enforcement and is not limited to active/ongoing investigations. Doc. #21-1 at 16-27.

Plaintiff has no constitutional right to a police investigation of alleged Cybercrimes. *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Piotrowski v. City of Houston*, 237 F.3d 567 (5th Cir. 2001). Plaintiff was not denied a criminal investigation, and his criminal complaints are causally unrelated to his detention. The pleading attachments reflect at least four of Plaintiff's reports accepted by HPD's Cybercrimes Division. Plaintiff had no right to have the department accept cell phones as evidence, conduct a forensic review or referral. All other evidence was accepted and held for investigation. Doc. #21-1 at 27. Plaintiff was free to pursue his complaints with other law enforcement agencies or civilly and did so. Doc. #21-1 at 30-31.

<u>The complaint fails to state a claim against the City under 42 U.S.C. § 1983 and *Monell*</u>. The City cannot be liable under a theory of respondeat superior or for the alleged actions of third parties which the City neither controlled nor employed. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). The complaint does not identify the responsible policymaker or an unconstitutional policy or custom of the City that was the moving force behind an alleged constitutional violation. Plaintiff relies on a facially constitutional City policy and the single incident of which he complains. Officer Hernandez's TCOLE personal history report, incorporated by misrepresentation in the amended complaint, will show that Officer Hernandez maintained training and qualifications that met and greatly exceeded the minimum required by TCOLE and state law, defeating this claim as a matter of law. Conclusory allegations of a widespread custom of permitting officers to execute "sworn detention instruments" without the requisite pattern of sufficient, similar resulting constitutional violations in context of one of the nation's largest cities and police departments, do not suffice. An outdated, inapplicable statistical reference or dissimilar lawsuit *allegations* do not suffice and are completely different to the truthful and lawful temporary detention notification by Officer Hernandez. The complaint offers no facts to support failure to discipline, a ratification theory of liability or the "extreme factual situation" to which it may apply. *See World Wide Street Preachers Fellowship v. Town of Columbia*, 591 F.3d 747, 755 (5th Cir. 2009) (quoting *Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 848 (5th Cir. 2009)). Moving force causation is not established by labels and buzz words which do not implicate any constitutional or federally protected right of the Plaintiff.

<u>No Fourth Amendment violation</u>. Officer Hernandez's Notification of Emergency Detention (Doc. #21-1 at 2-3) on its face demonstrates a lawful temporary detention under Section 573.001 then in effect, limited to Plaintiff's involuntary transport to hospital for evaluation. TEX. HEALTH & SAFETY § 573.001 (2024). Plaintiff does not dispute the truth of these statements their sufficiency under state law. *Id.* The Amended Complaint clarifies the reasonableness of the limited detention,

given the assessments by mental health professionals and social workers who filed affidavits for involuntary commitment and treatment.

No First Amendment retaliation. Plaintiff does not establish retaliation for engaging in any protected speech by disclosing mental health conditions in response to direct questions and the existence of probable cause under the Texas Health and Safety Code defeats this claim as a matter of law, regardless of motivation. *Nieves v. Bartlett*, 587 U.S. 391, 401 (2019); *Singleton v. Darby*, 609 F. App'x 190, 193 (5th Cir. 2015).

No Fourteenth Amendment deprivation. Plaintiff does not plausibly allege that City Defendants involuntarily committed him or denied him a process he was due under the Fourteenth Amendment. The Officer's detention and authority ended upon transporting Plaintiff to hospital for evaluation. Alleged "branding" or classification by information entered in government reports or a database are not a deprivation of life, liberty, or property, under the Fourteenth Amendment. *See Swan v. Shields*, No. 4:25-cv-2799, 2026 U.S. Dist. LEXIS 61581, at *8 (S.D. Tex. Mar. 24, 2026) (dismissing similar claims); *Paul v. Davis*, 424 U.S. 693, 712 (1976).

Failure to allege an ADA claim. Plaintiff fails to plausibly allege the discriminatory denial of a benefit or service by the City itself, through its official policies or an official policymaker. *Hainze v. Richards*, 207 F.3d 795, 801 (5th Cir. 2000) (citations omitted). The subjective opinions that Plaintiff was discriminatorily detained and denied a police investigation do not suffice and would render almost every Chapter 573 detention discriminatory. Courts have consistently rejected similar complaints of alleged "branding" as insufficient to state an ADA violation. The ADA does not provide for individual liability against Officer Hernandez. *Meeks v. Ray*, No. 4:22-cv-237, 2025 U.S. Dist. LEXIS 150349, at *56-57 (E.D. Tex. Apr. 7, 2025) (citations omitted).

Failure to overcome Officer Hernandez's Qualified Immunity. Officer Hernandez cannot be liable for the alleged actions of other officers or divisions, County or Hospital officials. *Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992); *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986). He cannot be liable under § 1983 when enforcing or acting as authorized by a presumptively valid state law. *See Swanson v. Powers*, 937 F.2d 965, 969 (4th Cir. 1991); *Echols v. Parker*, 909 F.2d 795, 801 (5th Cir. 1990); *Bigford v. Taylor*, 834 F.2d 1213, 1222 (5th Cir. 1988). Officer Hernandez did not falsely represent that Plaintiff was a present danger or threat to himself or others. Chapter 573 does not require an imminent danger to oneself or others, and permits temporary emergency detention, without warrant, for transport to hospital for evaluation, if an officer reasonably believes a person suffering from a mental health condition appears to be deteriorating and could end up at risk without intervention. Even assuming *arguendo* that the Officer was mistaken, qualified immunity protects reasonable mistakes, and there is no case on point clearly establishing a constitutional violation.

**Conclusion.** The City Defendants request a pre-motion conference and permission to file motions to dismiss Plaintiff's Amended Complaint under Rules 12(b)(1) and 12(b)(6), Fed. R. Civ. P.

Respectfully Submitted,

Melissa Azadeh

Melissa Azadeh
Texas Bar No. 24064851

Federal Bar No. 1090186
Senior Assistant City Attorney II
832-393-6270
melissa.azadeh@houstontx.gov
**Attorney for Defendants City of Houston and Officer M. Hernandez**

Cc: Mr. Robert W. Van Kirk, Plaintiff, *pro se*
robertwaynevankirk@gmail.com

Mr. Michael D. Fritz
michael.fritz@harrishealth.org

Mr. E. Dale Burrus
dburrus@spencerfane.com
cgoodman@spencerfane.com