IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT W. VAN KIRK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 4:26-CV-02517 |
| OFFICER M. HERNANDEZ, et al. | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS CITY OF HOUSTON AND OFFICER M. HERNANDEZ'S MOTION TO DISMISS PURSUANT TO RULES 12(B)(1) AND 12(B)(6)

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendants City of Houston and Officer M. Hernandez (collectively referred to as "City Defendants"), file this Motion to Dismiss the Plaintiff's amended complaint (Doc. #21) pursuant to Fed. Civ. P. Rules 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim upon which relief may be granted, and invoking Officer Hernandez's qualified immunity, respectfully showing the following:

## TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................................1

NATURE AND STAGE OF PROCEEDINGS ........................................................................1

ISSUES PRESENTED............................................................................................................1

SUMMARY OF THE ARGUMENT .....................................................................................1

STANDARD OF REVIEW ....................................................................................................2
      12(b)(1) Standard..........................................................................................................2
      Rule 12(b)(6)................................................................................................................3
      Qualified Immunity ......................................................................................................4

ARGUMENT AND AUTHORITIES......................................................................................5

I.      Plaintiff lacks standing and fails to plausibly allege an injury in fact fairly traceable to the City Defendants beyond his temporary detention and transport to hospital for assessment...............5

II.    Plaintiff lacks standing and fails to state a plausible claim based on alleged TPIA request denials. ...............................................................................................................................10

III.   Plaintiff fails to state a claim for relief against the City under 42 U.S.C. § 1983.................11
     A.   Plaintiff fails to state a plausible claim based on an alleged unconstitutional official policy or failure to train and discipline theory of liability. .........................................................12

IV.   Plaintiff fails to plausibly allege a constitutional violation to support a claim under 42 U.S.C. § 1983 ...........................................................................................................................14
     A.   No Fourth Amendment Violation..................................................................................15
     B.   No Fourteenth Amendment deprivation. ......................................................................17

V.    Plaintiff fails to allege an actionable ADA violation ..........................................................19

VI.   The complaint fails to overcome Officer Hernandez's qualified immunity..........................20

CONCLUSION AND PRAYER ..........................................................................................21

CERTIFICATE OF SERVICE.............................................................................................22

## NATURE AND STAGE OF PROCEEDINGS

Plaintiff sues the City of Houston, Officer M. Hernandez, Officer John Doe, Harris County Hospital District d/b/a Harris Health System/Ben Taub Hospital, Valeria M. Contreras, M.D., and Jasmine Balbir Singh Aneja, R.N., asserting claims under 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act (ADA). Docs. #1; #21. By agreement, the Plaintiff amended his complaint to address the City Defendants' arguments for dismissal of his original complaint. See Doc. #15. Plaintiff amended his complaint on May 14, 2026. Doc. #21. The Court held a pre-motion conference on June 5, 2026, and granted the Defendants permission to file motions to dismiss. Doc. #26. City Defendants move to dismiss under Rules 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim upon which relief may be granted, and on grounds of Officer Hernandez's qualified immunity.

## ISSUES PRESENTED

1. The Court lacks subject matter jurisdiction over claims for which Plaintiff fails to establish Article III standing against the City Defendants.

2. Plaintiff fails to state a claim for relief against the City under 42 U.S.C. § 1983 and *Monell.*

3. Plaintiff lacks standing and fails to state a plausible claim for alleged Texas Public Information Act request denials.

4. Plaintiff fails to plausibly allege a constitutional violation to support a claim under 42 U.S.C. § 1983.

5. Plaintiff fails to allege an actionable ADA violation

6. Plaintiff cannot meet his burden to overcome Officer Hernandez's qualified immunity.

## SUMMARY OF THE ARGUMENT

Plaintiff only has standing to sue the City Defendants for the alleged temporary emergency detention and transport to Ben Taub Hospital. The Plaintiff has no right to a police investigation of reported crimes, and the complaint has not alleged he was denied one. The pleadings do not support

1

a claim against the City Defendants for actions by the hospital or medical staff, including the forcible administration of drugs and involuntary commitment. State law imposes specific duties and grants powers exclusively to medical or mental health professionals and the state to hold individuals under Chapter 573, Texas Health and Safety Code, not the City or its officers. The Texas Public Information Act (TPIA) does not create a private cause of action for damages for alleged violations, or for prospective relief against the City, and the complaint does not allege any violation of the TPIA.

The City cannot be liable under a theory of respondeat superior as Plaintiff expressly attempts here, nor can it be liable for the actions of the County hospital and its personnel which the City neither controlled nor employed. Plaintiff temporary detention and transport to hospital for assessment was lawful under section 573.001, as confirmed by medical assessments and the probable cause for involuntary commitment found by a probate court judge. Plaintiff does not allege any Fourteenth Amendment deprivation of substantive or procedural due process or ADA violation against the City Defendants. Plaintiff cannot meet his burden to overcome Officer Hernandez's qualified immunity.

**STANDARD OF REVIEW**

**12(b)(1) Standard**

Federal Rule of Civil Procedure 12(b)(1) requires that a court dismiss a claim if the court does not have subject matter jurisdiction over the dispute. Fed. R. Civ. P. 12(b)(1). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Id.* Indeed, a presumption against subject matter jurisdiction exists that "must be rebutted by the party bringing an action to federal court." *Coury v Prot*, 85 F3d 244, 248 (5th Cir 1996). "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d

2

158, 161 (5th Cir. 2001) (per curiam).  Discretion also exists to weigh any competing evidence based on credibility assessments.  *Williamson v Tucker,* 645 F2d 404, 413 (5th Cir 1981) (citation omitted). Unlike a court considering a Rule 12(b)(6) or Rule 56 motion, district courts have a "unique power . . . to make factual findings which are decisive of [subject matter] jurisdiction" when considering a motion under Rule 12(b)(1) that raises questions of fact relevant to subject matter jurisdiction.  *Id.* at 412-13.

### Rule 12(b)(6)

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff is generally required to plead "enough facts to state a claim to relief that is plausible on its face."  *Floyd v. City of Kenner*, 351 F. App'x 890, 892-93 (5th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)); FED. R. CIV. P. 12(b)(6).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Floyd*, 351 F. App'x at 892-93. -"Factual allegations must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  "'[W]here the well-pleaded facts do not permit the court to infer more than the mere *possibility* of misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief.'"  *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (emphasis added); *Twombly*, 550 U.S. at 556.  The court accepts all well-pled facts as true, drawing "all reasonable inferences in favor of the nonmoving party."  *Harmon v. City of Arlington, Texas*, 16 F.4th 1159, 1162-63 (5th Cir. 2021) (*quoting Morgan v. Swanson*, 659 F.3d 359, 370 (5th Cir. 2011) (en banc)).  "But the court does not 'presume true a number of categories of statements, including legal conclusions; mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.' *Id.*" *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023).

Complaints in a section 1983 action subject to the defense of qualified immunity are subject

3

to a heightened pleading standard, however, and must be pled with "factual detail and particularity," not mere conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1428 (5th Cir. 1995) (en banc); *Elliott v. Perez*, 751 F.2d 1472 (5th Cir. 1985); *Hale v. Harney*, 786 F.2d 688 (5th Cir. 1986).

On 12(b)(6) review, the court considers the well pleaded facts set forth in the complaint, documents attached to the complaint and matters of which judicial notice may be taken under Federal Rule of Evidence 201. *See Norris v. Hearst Trust*, 500 F.3d 454, 461 n. 9 (5th Cir. 2007); *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 640 n. 2 (5th Cir. 2005); *Whatley v. Coffin*, 496 F. App'x 414, 416 (5th Cir. 2012). Where there is video that contradicts the plaintiff's alleged facts, the court accepts the video's depiction instead of the complaint's account and views the facts in the light depicted by the video. *Baker v. Putnal*, 75 F.3d 190, 193 (5th Cir. 1996) (quoting *Scott v. Harris,* 550 U.S. 372, 381 (2007)). If the evidence "reveals facts which foreclose recovery as a matter of law, dismissal is appropriate." *Id.* at 197 (quoting *Ass'd Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974)).

## **Qualified Immunity**

Governmental officials performing discretionary functions are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). When a public official asserts the defense of qualified immunity, the plaintiff has the burden of establishing a constitutional violation and overcoming the defense. *Jackson v. City of Hearne*, 959 F.3d 194, 201 (5th Cir. 2020) (citing *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc)). To meet this burden, a plaintiff must show "(1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct." *Morgan v. Swanson*, 659 F.3d 359, 371 (5th Cir. 2011) (en banc) (internal quotation marks omitted). The court has discretion to decide these prongs in any order. *Jackson*,

4

959 F.3d at 200 (citations omitted).

A plaintiff must plead, without discovery, specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity." *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012).

## ARGUMENT AND AUTHORITIES

I.    **Plaintiff lacks standing and fails to plausibly allege an injury in fact fairly traceable to the City Defendants beyond his temporary detention and transport to hospital for assessment.**

Article III of the United States Constitution limits the jurisdiction of federal courts to "Cases" and "Controversies." U.S. Const. art. III, § 2. "One element of the case-or-controversy requirement is that [plaintiffs], based on their complaint, must establish that they have standing to sue." *Raines v. Byrd*, 521 U.S. 811, 818 (1997) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)). The irreducible constitutional minimum of standing contains three elements. *Lujan*, 504 US at 560–61 (multiple citations omitted). First, the plaintiff must have suffered an "injury in fact," an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not "conjectural" or "hypothetical." *Id.* Second, there must be a causal connection between the injury and the conduct complained of; the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. *Id.* Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision." *Id.*

"[S]tanding is not, and must not be, a guessing game." *Kumar v. Frisco Indep. Sch. Dist.*, 443 F. Supp. 3d 771, 788 (E.D. Tex. 2020). A plaintiff bears the burden of establishing each element and must clearly allege facts at the pleading stage that demonstrate each criterion. *Id.* (quoting *Warth v Seldin*, 422 U.S. 490, 518 (1975)). A Plaintiff "'must demonstrate standing for each claim that they press' against each defendant, 'and for each form of relief that they seek.'" *Murthy v. Missouri*,

5

603 U.S. 43, 61 (2024) (quoting *TransUnion LLC v. Ramirez*, 594 U. S. 413, 431 (2021)). Furthermore, in federal question cases such as this one, "District courts lack subject-matter jurisdiction over claims that are wholly insubstantial and frivolous or clearly immaterial and made solely for the purpose of obtaining jurisdiction." *Orosco v. Napolitano*, 598 F.3d 222, 225 (5th Cir. 2010) (citing *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 118 (1998)). "Determining whether a claim is wholly insubstantial and frivolous necessarily entails consideration of the merits[.]." *Jefferson Cmty. Health Care Ctrs., Inc. v. Jefferson Par. Gov't*, 849 F.3d 615, 622 (5th Cir. 2017) (multiple citations omitted) *See also John Corp. v. City of Hous.*, 214 F.3d 573, 576-77 (5th Cir. 2000) (the court "must be clear on what the complaint alleges, for the 'first step in any [§ 1983] claim is to identify the specific constitutional right allegedly infringed.'") (quotation and citations omitted).

"Standing requires a 'causal connection between the injury and the conduct complained of.' *Lujan*, 504 U.S. at 560. This connection is lacking where 'the challenged action of the defendant [is] . . . the result of the independent action of some third party not before the court.' *Ibid.* (quotation omitted). Obviously, it's also lacking where the plaintiff's injury is self-inflicted." *Cameron Cty. Hous. Auth. v. City of Port Isabel*, 997 F.3d 619, 623 (5th Cir. 2021) (citation omitted). The Fifth Circuit has noted in accord that "standing cannot be conferred by a self-inflicted injury." *Zimmerman v City of Austin*, 881 F3d 378, 389 (5th Cir 2018). "Nor could the [plaintiff] identify one injury and then bootstrap it to complain about others." *In re Gee*, 941 F.3d 153, 160 (5th Cir. 2019) (emphasis original; citations omitted) (discussing the Supreme Court's holding in *Lewis v. Casey*, 518 U.S. 343, 358 (1996))

Plaintiff only has standing to sue the City Defendants for the alleged temporary emergency detention and transport to Ben Taub Hospital for assessment. All other complaints must be dismissed

under Rule 12(b)(1) as they do not involve injuries in fact fairly traceable to the City Defendants or a cognizable constitutional or federal right. Causation is not established "if the injury complained of is the result [of] the *independent* action of some third party[.]," *Bennett v. Spear*, 520 U.S. 154 (1997) (citation and quotation omitted) (emphasis in original), *Sierra Club v. Glickman*, 156 F.3d 606, 614 (5th Cir. 1998).

Plaintiff cannot support a claim against the City Defendants for actions by the hospital or medical staff, including the **forcible administration of drugs and involuntary commitment**. State law imposes specific duties and grants powers exclusively to medical or mental health professionals and the state to hold individuals under Chapter 573, Texas Health and Safety Code, not the City or its officers. The pleadings do not identify personal involvement by Officer Hernandez or a City policy that was the moving force behind any alleged actions after being transported to the hospital.

The pleadings attempt to fault Officer Hernandez for the independent actions of hospital staff and probate court proceedings in which he had no involvement based on: (1) the unsubstantiated conclusion that the Officer is automatically responsible for everything that happened after the temporary detention and transport; and (2) a missing period in a medical record entry that Plaintiff interprets to mean that Officer Hernandez falsely relayed to medical staff that Plaintiff was willing to go to a locked unit:

| 19:53:15 | ED Triage Notes | Initial encounter with Robert Van Kirk Verified name, DOB and allergies with patient, Patient presents to EC EDO/under Police packet with C/O Paranoid, bizarre behavior HPD officer Hernandez 8324 States "patient is getting worse, Patient HX of depression, ADHD   Patient states took caffeine pills, States is willing to go to a locked unit. Denies fever/chills, chest pain, SOB, n/v/d, constipation, cough. Pt ambulatory with steady gait. In NAD. Airway intact. Respirations unlabored. Advised patient to report any changes in status or symptoms to RN. Moved to POD F ESI 2 area after patient search and changing into Green Scrubs, 1:1 sitter at bedside for safety. | Rodriguez, Natividad, RN |

No past medical history on file.

Natividad Rodriguez, RN

7

Doc. #21-1 at 10 (highlights added).   The reference immediately follows "patient" statements to Nurse Rodriguez during intake and not any report by Officer Hernandez.   The same discussion appears in more detail elsewhere in the medical records, eliminating any doubt that the locked unit statement was not made by Officer Hernandez.   Doc. #21-1 at 45.

Plaintiff is unable to identify any injury in fact stemming from this alleged statement and does not claim that he was wrongfully committed based on an alleged false representation that he had consented to it.   Officer Hernandez's Notification of Temporary Detention expressly notes that it was not voluntary.   Doc. #21-1 at 2.   Neither the hospital nor the probate court treated Plaintiff's commitment or treatment as voluntary.   Plaintiff's nonconsent was well documented throughout the partial medical records attached to the complaint.   Doc. #21-1.   He refused to sign a consent form or sign acknowledgement that he received a Patient Bill of Rights.   *Id.* at 12-13.   He expressed his desire to leave, tried to leave, and was forcibly medicated.   *Ibid.*

Finally, Officer Hernandez had neither the apparent or actual authority to consent or relay consent on Plaintiff's behalf.     State law imposes specific duties on medical professionals, social workers, probate courts, and controls when and how long they may involuntarily hold someone.   The alleged statement would not have authorized Plaintiff's involuntary detention at the hospital or his commitment.   See TEX. HEALTH & SAF. CODE §§573.021-.023.   State law required Plaintiff to be released on completion of the preliminary examination unless involuntarily committed, even if he consented. Tex. Health & Saf. Code §573.023.

Plaintiff does not establish any injury resulting from the alleged **failure to investigate his Cybercrimes reports.**   Any injury that he suffered was caused by the actor or actors who committed the alleged cybercrimes.   Allegations regarding Plaintiff's cybercrime reports to other officers and investigative divisions of the police department that predated his encounter with Officer Hernandez

8

are completely unrelated to his detention, a cognizable injury, or constitutional violation by the City Defendants. *See, e.g., Lefebure v. D'Aquilla*, 15 F.4th 650 (5th Cir. 2021) (Plaintiff's claims against defendant district attorney had to be dismissed because plaintiff lacked standing to challenge the district attorney's failure to investigate or prosecute her perpetrator).

Plaintiff claims a failure to investigate because an investigator has not yet been assigned by an investigative division to his cybercrime reports. Officer Hernandez was in no way involved in these reports, assignment of an investigator, or collecting evidence. Officer Hernandez was a patrol officer who was flagged down in the street by Plaintiff in a vehicle driven by his mother. The amended complaint emphasizes that Officer Hernandez could have confirmed the existence of the cybercrimes reports but does not tie this to any possible constitutional violation.

Plaintiff has no constitutional right to a police investigation of alleged Cybercrimes or to have wrongdoers prosecuted. *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Piotrowski v. City of Houston*, 237 F.3d 567 (5th Cir. 2001). "A private citizen lacks a judicially cognizable interest in the prosecution or non prosecution of another. There is no federal constitutional right to have wrongdoers prosecuted, or "brought to justice." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Police owe a duty to the public in general, not any individual victim or complainant. Absent a "special relationship," an officer does not have a duty to investigate or protect any individual person or case. *Deshaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189 (1989) (state did not have a special obligation to protect a citizen against harms it did not create); *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 750 (2005) ("the Civil Rights Act …did not create a system by which police departments are generally held … accountable for crimes that better policing might have prevented.").

Moreover, Plaintiff was not denied an investigation, and his criminal complaints are causally

9

unrelated to his detention.  The pleading attachments reflect at least four criminal reports Houston Police Department accepted from Plaintiff.  He complains because an investigator has not yet been assigned and the police department refused to accept cell phones either because they could not store or analyze them.   All other evidence was accepted and held for investigation. Doc. #21-1 at 27.  Plaintiff concedes his reports were likely civil in nature.   Plaintiff simultaneously filed identical reports with the District Attorney's Office and was free to pursue his complaints with other law enforcement agencies or civilly.  Doc. #21-1 at 30-31.  Police had no duty to process preservation requests on Plaintiff's behalf, but they did so and provided him with confirmation.  Doc. #21-1 at 27.   Plaintiff concedes his reports were likely civil in nature, and that he lodged identical reports with the District Attorney's Office and other law enforcement agencies.   Police lack authority to investigate civil matters.

II.     **Plaintiff lacks standing and fails to state a plausible claim based on alleged TPIA request denials.**

Plaintiff complains that he was denied information requested from the police department under the Texas Public Information Act.  Officer Hernandez had nothing to do with these denials, nor does Plaintiff attribute them to any Official City policy or policymaker.   Plaintiff lacks standing to sue the City Defendants for events they had nothing to do with.    The Texas Public Information Act (TPIA) does not create a private cause of action for damages for alleged violations, or for prospective relief against the City.  *Hundall v. Univ. of Tex. at El Paso (UTEP)*, No. EP-13-CV-00365-DCG, 2014 U.S. Dist. LEXIS 201114, at *11-12 (W.D. Tex. 2014) (citing *Trevino-Garcia v. Univ. of Tex. Health Sci. Ctr. - Sch. of Med.*, Civ. A. No. 09-CA-0572-XR, 2009 U.S. Dist. LEXIS 118605, at *5 (W.D. Tex. Dec. 21, 2009)).   As a governmental entity, the City is immune from actions seeking prospective relief.  *AIM Media Tex., LLC v. City of Odessa*, 663 S.W.3d 324, 333-36 (Tex. App.—Eastland 2023, pet. Denied).

The claim is frivolous on its face because the TPIA denials lawfully relied on (1) Plaintiff's agreement to all exceptions without the need for an Attorney General opinion; and (2) Tex. Gov't Code § 552.108 which exempt various information held by law enforcement and is not limited to active/ongoing investigations. Information held by a law enforcement agency dealing with the reporting, detection, or investigation of crime, is generally not subject to public disclosure unless it ends with a conviction or prosecutions. *Id.* Each of Plaintiff's TPIA requests encompassed a variety of information; none were limited to either the detention or cybercrimes case number. Doc. #21-1 at 16-27. The alleged denial of records related to a case or investigation that has not been prosecuted to conclusion does not constitute a TPIA violation, as these records are exempt from public disclosure and subject to the law enforcement privilege. TEX. GOV'T CODE ANN. § 552.108. *Hobson v. Moore*, 734 S.W.2d at 340 (emphasis added); s*ee also In re Westwood Affiliates*, L.L.C., 263 S.W.3d 176, 179 (Tex. App.—Houston [1st Dist.] 2007, no pet.).

### III.    **Plaintiff fails to state a claim for relief against the City under 42 U.S.C. § 1983.**

A person may sue a municipality that violates his or her constitutional rights "under color of any statute, ordinance, regulation, custom, or usage." 42 U.S.C.S. § 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). To state a section 1983 claim against a municipality, a plaintiff must plead sufficient facts to establish that "(1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right." *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009); *Monell,* 436 U.S. at 690, 692. Absent an official policy, to survive a 12(b)(6) motion, the plaintiff must plead facts to infer that there existed "[a] persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Hicks-Fields*, 860 F.3d at 808–09. Showing a pervasive pattern is a heavy burden and requires the plaintiff to show a pattern of similar prior instances of

11

constitutional violations.  *Sanchez v. Young County, Tex*., 956 F.3d 785, 793 (5th Cir. 2020).  A pattern "requires similarity and specificity; '[p]rior indications cannot simply be for any and all bad or unwise acts, but rather must point to the specific violation in question.'" *Fuentes v. Nueces Cty., Tex.*, 689 F. App'x 775, 778 (5th Cir. 2017) (quoting *Peterson*, 588 F.3d at 851 (alteration in original)).  "In addition to similarity and specificity, a pattern must be comprised of 'sufficiently numerous prior incidents' rather than merely isolated instances.'"  *Fuentes*, 689 F. App'x at 778 (quoting *McConney v. City of Houston*, 863 F.2d 1180, 1184 (5th Cir. 1989)).

Municipalities are not liable "on the theory of respondeat superior" and are "almost never liable for an isolated unconstitutional act on the part of an employee." *Monell*, 436 U.S. at 690, 692. Instead, "the unconstitutional conduct must be directly attributable to the municipality through some sort of official action or imprimatur[.]" *Webb v. Town of Saint Joseph*, 925 F.3d 209, 214 (5th Cir. 2019) (citations omitted).  When challenged in a 12(b)(6) context, the plaintiff "must do more than describe the incident that gave rise to his injury." *Ratliff v. Aransas Cty., Texas*, 948 F.3d 281, 285 (5th Cir. 2020) (quoting *Peña v. City of Rio Grande City*, 879 F.3d 613, 622 (5th Cir. 2018)).  In addition, "[t]he description of a policy or custom and its relationship to the underlying constitutional violation . . . cannot be conclusory; it must contain specific facts." *Spiller v. City of Texas City*, 130 F.3d 162, 167 (5th Cir. 1997).

A.    **Plaintiff fails to state a plausible claim based on an alleged unconstitutional official policy or failure to train and discipline theory of liability.**

The City cannot be liable under a theory of *respondeat superior*, nor for the alleged actions of the County hospital and its personnel whom the City neither controlled nor employed.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).  The complaint does not identify the responsible policymaker or an unconstitutional policy or custom of the City that was the moving force behind an alleged constitutional violation.  Plaintiff relies on an admittedly facially constitutional City

12

policy and the single incident of which he complains to allege a failure to train and official policy theory of liability.

The City cannot be liable for the failure to enact a policy or the absence of instruction within an official written policy or an invalid policy that was not the moving force behind an alleged deprivation of Plaintiff's rights. "[A] 42 U.S.C.S. § 1983 plaintiff must demonstrate an injury, which resulted directly and only from a use of force that was clearly excessive, and the excessiveness of which was clearly unreasonable." *Pratt*, 822 F.3d at 177.

Nor can Plaintiff establish a plausible failure to train claim based on the single incident involving himself.[1]  The conclusory claim that Officer Hernandez had inadequate training and failed to maintain the minimum qualifications and training required by the Texas Commission on Law Enforcement (TCOLE) and State law is both false and insufficient to state a claim.

The City submits Officer Hernandez's TCOLE personal history report, incorporated by misrepresentation in the amended complaint, which demonstrates that Officer Hernandez at all times has maintained training and qualifications that met and greatly exceeded that required by TCOLE regulations and state law, defeating this claim as a matter of law.  *See* **Exhibit 1**.  "[C]ompliance with state requirements [is] a factor counseling against a failure to train finding." *Zarnow v. City of Wichita Falls, Tex.*, 614 F.3d 161, 171 (5th Cir. 2010) (citations omitted).  "[W]hen officers have received training required by Texas law, the plaintiff must show that the legal minimum of training

---

[1] The original complaint alleged an internal complaint had been filed with the Houston Police Department and was under investigation by the Internal Affairs Division.  That complaint also alleged a failure to discipline.  The amended complaint abandons both the allegation of a complaint lodged and failure to discipline.  To the extent Plaintiff relies on an alleged failure to discipline, this claim is fundamentally flawed by the fact that the failure relates only to alleged discipline arising only from a hodge podge of contacts between the Plaintiff and various employees of the policy department and Officer Hernandez.  Plaintiff fails to plausibly allege that a complaint was lodged or otherwise brought to the department's attention.   He does not offer any other complaints that could support deliberate indifference by the department and there is no pattern of similar complaints by other citizens.  "As is the case with allegations of failure to adequately screen prospective police officers, it is nearly impossible to impute lax disciplinary policy to the City without showing a pattern of abuses that transcends the error made in a single case. " *Piotrowski v. City of Houston*, 237 F.3d 567, 581–82 (5th Cir. 2001) (citing *Bryan County v. Brown*, 520 U.S. 397, 410–11 (1997)).

13

was inadequate." *Sanders-Burns v. City of Plano*, 594 F.3d 366, 381-82 (5th Cir. 2010), citing *Benavides v. County of Wilson*, 955 F.2d 968, 973 (5th Cir.1992). Here, Walker does not allege the state requirements are inadequate. *See*, *e.g.*, *Bender v. Fenimore*, No. 4:12CV245-KPJ, 2016 U.S. Dist. LEXIS 200917, at *19 (E.D. Tex. 2016) (although Sheriff and Chief testified the county lacked formal policies setting forth standards, lacked formal evaluation system, and maintained no records of complaints of violations by officers, the evidence showed the County complied with minimum requirements under Texas law and TCOLE standards for training, and the plaintiff did not allege the state minimum was inadequate).

Conclusory allegations of a widespread custom of permitting officers to execute "sworn detention instruments" without a specific custom, training or supervision failure, and the requisite pattern of sufficient, similar resulting constitutional violations in context of one of the nation's largest cities and police departments, does not suffice. An outdated, inapplicable statistical reference or dissimilar lawsuit *allegations* do not suffice and are completely different to the truthful and lawful temporary detention notification by Officer Hernandez. Other than the conclusion that Officer Hernandez was not disciplined, the complaint offers no facts to support failure to discipline, a ratification theory of liability or the "extreme factual situation" to which it may apply. *See World Wide Street Preachers Fellowship v. Town of Columbia*, 591 F.3d 747, 755 (5th Cir. 2009) (quoting *Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 848 (5th Cir. 2009)). Moving force causation is not established by labels and buzz words which do not implicate any constitutional or federally protected right of the Plaintiff's, such as "evidence refusal", "spoliation", and allegedly defective record keeping, and misrepresentations that an EDO must be entered into a medical chart or else it lacks legal or statutory authority.

## IV.    Plaintiff fails to plausibly allege a constitutional violation to support a claim under 42 U.S.C. § 1983

14

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege specific facts showing each defendant's personal involvement in the violation of a federal or Constitutional right under color of law. *Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992); *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986).

## A.　No Fourth Amendment Violation

The Fourth Amendment protects individuals from "unreasonable" searches and seizures. U.S. Const. amend. IV. *See Terry v. Ohio*, 392 U.S. 1, 8 (1968). To make out a valid false arrest claim, Plaintiff is required to state, at minimum, plausible facts showing he was involuntarily detained and transported for mental heath assessment by Officer Hernandez without a warrant or probable cause. *Ashcroft*, 556 US at 678; *see also Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011). "For warrantless arrests, the test for whether the police officer had probable cause to arrest is if, at the time of the arrest, he had knowledge that would warrant a prudent person's belief that the person arrested had already committed or was committing a crime." *Mangieri v. Clifton*, 29 F.3d 1012, 1016 (5th Cir. 1994) (quoting *Duckett v. City of Cedar Park*, 950 F.2d 272, 278 (5th Cir. 1992)). *See also Haggerty v. Tex. S. Univ.*, 391 F.3d 653, 655 (5th Cir. 2004). Probable cause exists "when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense." *Glenn v. City of Tyler*, 242 F.3d 307, 313 (5th Cir. 2001).

Officer Hernandez is shielded by qualified immunity so long as he had arguable probable cause, that is reasonable but mistaken or in the absence of a Supreme Court or Fifth Circuit opinion putting every officer notice that his actions violated the constitution. "[L]aw enforcement officials who reasonably but ***mistakenly*** conclude that probable cause is present are entitled to immunity." *Johnson ex rel. A.N.E.R. v. City of San Antonio*, No. 22-50196, 2023 U.S. App. LEXIS 9448, at *1 (5th Cir. 2023) (emphasis original) (citation omitted).

Officer Hernandez's Notification of Emergency Detention  (Doc. #21-1 at 2-3) on its face demonstrates a lawful temporary detention under Section 573.001 of the Texas Health and Safety Code then in effect, limited to Plaintiff's involuntary transport to hospital for evaluation.  TEX. HEALTH & SAF. CODE §  573.001 (2024).  Officer Hernandez correctly noted Plaintiff's deteriorating mental condition, severe paranoia, and beliefs that his identity was being stolen and that the 911 call takers he was speaking with were not real, among other things.   Doc. #21-1 at 2-3.

 Plaintiff does not dispute the truth of the statements written by Officer Hernandez in the emergency notification form or their sufficiency under state law.  *Id.*  He claims he was not a danger to himself or others—Officer Hernandez did not claim he was—and complains that his mother (appropriately) was not listed as a witness who reported or observed the behavior identified in the form.  *Id.*  "A substantial risk of serious harm to the person or others under Subsection (a)(1)(B) may be demonstrated by: (1) the person's behavior; or (2) evidence of severe emotional distress and deterioration in the person's mental condition to the extent that the person cannot remain at liberty." TEX. HEALTH & SAF. CODE §  573.001(b) (2024). *See, e.g., Thompson ex rel. Neveah T. v. Martinez*, 789 F. Supp. 3d 491 (W.D. Tex. 2025) (reasonable seizure where officer had presumptively credible third-party report from gas station clerk indicating that man was mentally unstable and directly observed man's paranoid and erratic behavior).

The Amended Complaint confirms the reasonableness of Officer Hernandez's limited detention. The medical record excerpts, assessments by mental health professionals and social workers who filed affidavits for involuntary commitment and treatment, and the findings of probable cause for the commitment by a Probate Court judge, bar Plaintiffs claims against Officer Hernandez and the Ciy as a matter of law.   See Doc.  #24.   Plaintiff could not have been admitted to hospital without an assessment and specific findings by a qualified doctor.  TEX. HEALTH & SHAF. CODE

16

§§573.021-.023.

Moreover, Plaintiff's claims are barred by the independent intermediary doctrine because a judge found probable cause for his involuntary commitment or detention after he was temporarily detained and transferred by Officer Hernandez.   *See* Doc. #24.   "It is well settled that if facts supporting an arrest are placed before an independent intermediary such as a magistrate or grand jury, the intermediary's decision breaks the chain of causation for false arrest, insulating the initiating party." *Deville v. Marcantel,* 567 F.3d 156, 170 (5th Cir. 2009).  *See also Taylor v. Gregg*, 36 F.3d 453, 456 (5th Cir. 1994) (overruled on other grounds).   And, so, "a properly secured arrest warrant or grand jury indictment will shield a defendant who has committed or initiated a false arrest." *Wilson v. Stroman,* 33 F.4th 202, 208 (5th Cir. 2023) (citing *Buehler v. City of Austin/Austin Police Dep't,* 824 F.3d 548, 553-54 (5th Cir. 2016)). This is true even if the independent intermediary's action occurred after the seizure. *Id.*   This doctrine applies equally to Fourth Amendment violations grounded on theories of malicious prosecution and unreasonable search and seizure. *See Bledsoe v. Willis,* No. 23-30238, 2023 WL 8184814, at *4 (5th Cir. Nov. 27, 2023) (per curiam); *Crocker v. Garcia,* Civ. A. No. H-10-4604, 2010 WL 4955401, at *3 (S.D. Tex. Nov. 30, 2010) (applying the doctrine to claims arising from an arrest based on allegedly false charges).   This is so even if it is determined the officer acted with malice.  *See Hand v. Gary*, 838 F.2d 1420, 1427 (5th Cir. 1988).

A copy of Officer Hernandez's emergency notification form was filed with the probate court as required by law, but he otherwise did not, and is not alleged to have, participated in the involuntary commitment proceedings in any way.   Plaintiff does not identify any intentional or knowing misstatement or omission of material fact to overcome the doctrine. *See Terwilliger v. Reyna*, 4 F.4th 270, 277 (5th Cir. 2021).

**B.     No Fourteenth Amendment deprivation.**

Plaintiff does not allege any substantive due process violation of the right to bodily integrity

17

or procedural due process violation actionable against the City Defendants because challenges to the temporary detention and transport must be analyzed under the Fourth Amendment.     *Zimerman v. Cutle*r, 657 F. App'x 340, 341 (5th Cir. 2016).

To assert a substantive due process claim, a party must allege a constitutional deprivation and demonstrate that the state action lacks a 'rational relationship to a legitimate governmental interest.'" *Brookwood Dev., L.L.C. v. City of Ridgeland*, No. 24-60017, 2024 WL 4835244, at *3 (5th Cir. Nov. 20, 2024) (quoting *Cripps v. La. Dep't of Agric. & Forestry*, 819 F.3d 221, 232 (5th Cir. 2016)).  "A procedural due process claim turns on (1) whether there exists a liberty or property interest which has been interfered with by the State, and (2) whether the procedures attendant upon that deprivation were constitutionally sufficient.  Without a cognizable interest in liberty or property, there is nothing subject to Due Process protections and our inquiry ends." *James v. Cleveland Sch. Dist.*, 45 F.4th 860, 864 (5th Cir. 2022) (citation modified).   A due process violation under § 1983 results from "deliberate decisions of government officials to deprive a person of life, liberty, or property." *Daniels v. Williams*, 474 U.S. 327, 331 (1986); *Pierce v. Hearne Indep. Sch. Dist*., 600 Fed. Appx. 194, 198 (5th Cir. 2015).  "Actions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference and do not divest officials of qualified immunity." *Alton v. Texas A&M Univ.*, 168 F.3d 196, 201 (5th Cir. 1999) (citation omitted).

Plaintiff does not allege any substantive due process violation of the right to bodily integrity or procedural due process violation actionable against the City Defendants because challenges to the temporary detention and transport must be analyzed under the Fourth Amendment.  *Zimerman*, 657 F. App'x at 341.  Plaintiff does not plausibly allege that City Defendants involuntarily committed him or denied him a process he was due under the Fourteenth Amendment.  The Officer's detention

18

and authority ended upon transporting Plaintiff to hospital for evaluation.[2]   The City Defendants are not alleged to have controlled or brought the involuntary commitment proceedings in Probate Court. Plaintiff was involuntarily committed by the State of Texas through Medical professionals and social workers.

Alleged "branding" or classification by information entered in government reports or a database do not constitute a deprivation of life, liberty, or property, under the Fourteenth Amendment. *See Swan v. Shields*, No. 4:25-cv-2799, 2026 U.S. Dist. LEXIS 61581, at \*8 (S.D. Tex. Mar. 24, 2026) (dismissing similar claims); *Paul v. Davis*, 424 U.S. 693, 712 (1976).

Finally, allegations concerning investigation of cybercrimes reports, negligent investigation, negligence cyber analysis, negligent record keeping, denial of TPIA requests, do not implicate any protected due process right  of the Plaintiff's.

## V.        Plaintiff fails to allege an actionable ADA violation

A necessary prerequisite to a successful claim under Title II is that a disabled person be denied the benefits of a service, program or activity by the public entity that provides such service, program or activity.   Plaintiff does not allege the denial of the benefits of any legitimate program of the City of Houston.  He claims he was not allowed to turn in cell phones as evidence to the Police Department and invents a City service regarding analysis of cyber data; neither qualify. Irrespectively, Plaintiff was not denied the benefits and protections of any program by the City itself. He identifies the specific individuals who he claims denied him these benefits: an administrative

---

[2] See Tex. Health & Saf. Code §  573.021(c) ("A physician shall examine the person as soon as possible within 12 hours after the time the person is apprehended by the peace officer or transported for emergency detention by the person's guardian."); 573.021(a)M ("A facility shall temporarily accept a person for whom an application for detention is filed or for whom a peace officer or emergency medical services personnel of an emergency medical services provider transporting the person in accordance with a memorandum of understanding executed under Section 573.005 files a notification of detention under completed by the peace officer Section 573.002(a)."); id. at 573.021 (b) ("A person accepted for a preliminary examination may be detained in custody for not longer than 48 hours after the time the person is presented to the facility unless a written order for protective custody is obtained" … including waiting periods);  § 573.022 (a)-(c).

19

employee of the property division and an individual with the Financial Crimes Division.  Failure to plausibly allege a discriminatory denial of a benefit or service by the City itself, through its official policies or an official policymaker, defeats this claim.  *Hainze v. Richards*, 207 F.3d 795, 801 (5th Cir. 2000) (citations omitted).  The subjective opinions that Plaintiff was discriminatorily detained and denied a police investigation because of mental health conditions or disclosures do not suffice and would render almost every Chapter 573 detention discriminatory in violation of the ADA

The ADA does not provide for individual liability.  The complaint concerning the ADA fails to state a claim against Officer Hernandez because the ADA does not provide for individual liability.  Meeks v. Ray, No. 4:22-cv-237, 2025 U.S. Dist. LEXIS 150349, at *56-57 (E.D. Tex. Apr. 7, 2025) (citations omitted).

## VI.      The complaint fails to overcome Officer Hernandez's qualified immunity.

Officer Hernandez cannot be liable for the alleged actions of other officers or divisions, County or Hospital officials.  *Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992); *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986).  Government officials are not liable under § 1983 when enforcing or acting as authorized by a presumptively valid state law.  *See Swanson v. Powers*, 937 F.2d 965, 969 (4th Cir. 1991); *Echols v. Parker*, 909 F.2d 795, 801 (5th Cir. 1990); *Bigford v. Taylor*, 834 F.2d 1213, 1222 (5th Cir. 1988).  The pleading attachments show that Officer Hernandez did not falsely represent that Plaintiff was a present danger or threat to himself or others.  Chapter 573 does not require an imminent danger to oneself or others, and permits temporary emergency detention, without warrant, for transport to hospital for evaluation, if an officer reasonably believes a person suffering from a mental health condition appears to be deteriorating and could end up at risk without intervention.  Even assuming *arguendo* that the Officer was mistaken, qualified immunity protects reasonable mistakes, and there is no case on point clearly establishing a constitutional violation.

20

**CONCLUSION AND PRAYER**

Defendants City of Houston and Officer M. Hernandez respectfully pray that the Honorable Court grant this motion and dismiss Plaintiff's claims against them without prejudice  and grant all other relief to which they may be justly entitled.

Respectfully submitted,

**ARTURO G. MICHEL**
**City Attorney**

CHRISTY MARTIN
Section Chief Torts/Civil Rights

Date:    June 26, 2026. By:    */s/ Melissa Azadeh*
MELISSA AZADEH
Senior Assistant City Attorney
*Attorney in Charge*
Texas Bar No. 24064851
Federal ID No. 1090186
Tel. (832) 393-6270
melissa.azadeh@houstontx.gov
CITY OF HOUSTON LEGAL DEPARTMENT
P.O. Box 368
Houston, Texas 77001-0368
**ATTORNEYS FOR DEFENDANTS CITY OF**
**HOUSTON AND OFFICER M. HERNANDEZ**

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of June 2026, a true and correct copy of the foregoing document, and any attachments, were delivered to all opposing counsel(s) by electronic filing of same in accordance with the District's ECF service rules, and alternatively via e-mail transmission and/or certified mail, return receipt requested.

/s/ Melissa Azadeh
Melissa Azadeh

22