UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT W. VAN KIRK, | § | CIVIL ACTION NO. 4:26−cv−02517 |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| OFFICER M. HERNANDEZ, et al. | § | |
| *Defendants* | § | Jury Trial Demanded |

**DEFENDANT VALERIA M. CONTRERAS, MD'S
MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendant Valeria M. Contreras, MD files this Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c) based on Plaintiff Robert W. Van Kirk's ("Plaintiff") failure to state a claim upon which relief could be granted. In support thereof, Defendant would show as follows:

## I.     BACKGROUND

### A.     STATEMENT OF THE ISSUES

1)     Can Plaintiff bring claims against Defendant under 42 U.S.C. § 1983 alleging constitutional violations when Defendant was not acting under color of state law?

2)     Can Plaintiff bring a claim for constitutional violation related to use of restraints when Defendant used professional judgment in her decision regarding restraints?

3)     Can Plaintiff bring a claim for constitutional violation related to fabrication of evidence in a Certificate of Medical Examination for Emergency Detention when his Complaint indicates the facts were true?

4)      Can Plaintiff bring a Section 1983 claim against Defendant when the claims constitute state-law governed healthcare liability claims?

## B.  STANDARD OF REVIEW

Under Rule 12(c) of the Federal Rules of Civil Procedure, after the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. FED. R. CIV. P. 12(c). "A motion brought pursuant to Fed. R. Civ. P. 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co., Inc. v. Touchstone Properties, Ltd., et al.*, 914 F.2d 74, 76 (5th Cir.1990)(per curiam)(citation omitted); *See also Voest-Alpine Trading USA Corp. v. Bank of China*, 142 F.3d 887, 891 (5th Cir.1998).

The standard to be applied when analyzing a Rule 12(c) motion is identical to the standard used for a motion to dismiss for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). *See In re Great Lakes Dredge & Cock Co. LLC*, 624 F.3d 201, 209 (5th Cir. 2010); *Guidry v. American Public Life Insurance Co.*, 512 F.3d 177, 180 (5th Cir.2007); *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir.1999).

In construing a motion pursuant to Rule 12(c), the court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger*, 188 F.3d at 324; *see Guidry v. American Public Life Insurance Co.*, 512 F.3d at 180. "The plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff's claim is plausible if the factual allegations show that the plaintiff is entitled to relief on a

2

more than speculative basis. *In re Great Lakes Dredge & Cock Co. LLC*, 624 F.3d at 210; *Twombly*, 550 U.S. at 555.

In a 12(c) motion, the Court should not look beyond the pleadings, "any documents attached to the pleadings, and any documents attached to the motion that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir.2010); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir.2002). A plaintiff cannot rely on conclusory statements, unwarranted factual inferences, or legal conclusions to defeat a 12(c) motion. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir.2010). Complaints "'must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial.'" *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir.1995) (*quoting* 5 Wright & Miller, FEDERAL PRACTICE AND PROCEDURE §1216, at 156-159 (2d ed. 1990)).

## C.    SUMMARY OF THE ARGUMENT

Plaintiff asserts two causes of action against Defendant: (1) Fourteenth Amendment violation due to Defendant's decision to administer chemical restraints; and (2) Fourteenth Amendment violation due to Defendant's execution of a Certificate of Medical Examination for Emergency Detention with alleged fabricated evidence. Both causes of action fail because Defendant was not acting under the color of state law.

Even if Defendant was acting under the color of state law, Plaintiff failed to plead sufficient facts to allow the Court to find that either action by Defendant constituted a violation of the Fourteenth Amendment.

Finally, Plaintiff asserts a state-law healthcare liability claim against Defendant. He improperly recasts the healthcare liability claim as a constitutional violation. This Court should dismiss Plaintiff's Section 1983 claims against Defendant as improperly recast healthcare liability claims.

## II.    ARGUMENTS AND AUTHORITIES

**A.    Plaintiff's Lawsuit Must be Dismissed Against Defendants for Failure to State Constitutional Claims Under Which Relief Can be Granted.**

**1.    Plaintiff cannot bring Section 1983 claims against Defendant, who was not acting under the color of state law.**

Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress… 42 U.S.C. § 1983.

To prevail upon his Section 1983 claims, Plaintiff must prove that (1) there was a constitutional violation and (2) Defendant was acting under color of state law when she committed the constitutional violation. *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013). Generally, acting under color of state law requires Defendant to have exercised power wielded by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law. *West v. Atkins*, 487 U.S. 42, 49 (1988).

Plaintiff's Complaint concludes, without identifying how, that Defendants were acting under the color of state law. Instead, Plaintiff only claims, without any support, that

4

Defendant "acted under color of state law as employees, agents, or contractors of Harris Health carrying out the State's involuntary commitment statutes…"

Defendant was employed by Baylor College of Medicine as an Associate Professor at the time of Plaintiff's allegations and was not employed by Harris Health. Exhibit A. Further, as will be shown in more detail below, a private person does not act under color of state law simply because they contract with a state entity. *See Allard v. Quinlan Pest Control Co. Inc.*, 2011 WL 5025149, *5 (N.D. Tex. Sept. 14, 2011) ("District courts in this circuit have... held that a private, independent contractor does not become a state actor by virtue of being hired by the state."); *Hatton v. Henderson Cty. Jail,* 2009 WL 2744896 *6 (E.D. Tex. Aug. 24, 2009); *Plummer v. Valdez,* 2006 WL 2713784 *2 (N.D. Tex. Sept. 21, 2006). Taking Plaintiff's pleading as true, that Defendant was an employee, agent, *or contractor* of Harris Health, does not automatically confer state actor status on her.

Plaintiff must allege facts that show that the deprivation of constitutional rights occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978). A private party, such as Defendant, will only be considered a state actor in rare circumstances. *See Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992). Courts have considered a private individual as a state actor under one of two theories: (1) the private individual was implementing an official government policy; or (2) the private individual's actions were fairly attributable to the government. *See Rundus v. City of Dall., Tex.,* 634 F.3d 309, 312 (5th Cir. 2011).

Regarding the first theory, Plaintiff included no facts related to an official government policy. His allegations come down to two actions by Defendant: (1) Defendant

ordered a chemical restraint over Plaintiff's objection; and (2) Defendant executed a Certificate of Medical Examination for Emergency Detention. There is no indication  in Plaintiff's Amended Complaint that these actions were in accordance with an official policy or that there was any official policy that caused Plaintiff's alleged constitutional violations as allegedly committed by Defendant.

Regarding the second theory, the Supreme Court utilizes three different tests for determining whether the conduct of a private individual is fairly attributable to the government: (1) the nexus or joint-action test; (2) the public function test; and (3) the state coercion or encouragement test. *See Richard v. Hoechst Celanese Chem. Grp., Inc.,* 355 F.3d 345, 352 (5th Cir. 2003); *Gordon v. Neugebauer*, 57 F.Supp.3d 766, 774 (N.D.Tex. 2014).

The nexus or joint action test determines whether "the government has 'so far insinuated itself into a position of interdependence with the [private individual] that it was a joint participant in the enterprise,'" and the actions of the private individual can be treated as that of the state itself. *Bass*, 180F.3d at 242; *see also Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982). Here, Defendant is a licensed physician who used her independent judgment in treating and caring for Plaintiff. There are no allegations that any state governmental entity has "insinuated itself into a position of interdependence" with Defendant. Further, Courts have held that the mere existence of state involuntary commitment statutes does not create a close nexus between the state and private individual. *See Harvey v. Harvey*, 949 F.2d 1127, 1131 (11th Cir. 1992); *see also Goss v. Memorial Hosp. Sys.*, 789 F.2d 353, 356 (5th Cir. 1986). The nexus or joint action test fails.

The public function test finds that state action occurred if the private individual performs a function which is traditionally the exclusive province of the state. *Bass v. Parkwood Hosp.*, 180 F.3d 234, 241-42 (5th Cir. 1999). Healthcare, in general, is not traditionally the exclusive province of the state. Smith v. Bastrop Medical Clinic, P.A., Inc., 2011 Wl 3844223 *3 (W.D. Tex. Aug. 29, 2011). The Fifth Circuit has held that "commitment and treatment of the mentally ill could not be deemed a function traditionally within the exclusive province of the state." *Id.* at 243. Here, Defendant's actions, specifically providing healthcare and her decisions regarding Plaintiff's mental health, are not traditionally within the exclusive province of the state. For that reason, the public function test fails.

The state coercion or encouragement test determines state action "only when [the State] has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State." *Bass v. Parkwood Hosp.*, 180 F.3d 234, 242 (5th Cir. 1999). Again, circuit courts, including the Fifth Circuit, have held that involuntary commitment statutes do not provide the requisite coercive power needed to pass the state coercion or encouragement test. *See id.* at 243; *Harvey v. Harvey*, 949 F.2d 1127, 1130-31 (11th Cir. 1992); *Estades-Negroni v. CPC Hosp. San Juan Capestrano*, 412 F.3d 1, 5-6 (1st Cir. 2005). Nothing in Plaintiff's Complaint shows any sort of coercive power of the State over Defendant nor does it allege that Defendant entered into any illegal agreement or conspiracy with the State. Therefore, the state coercion or encouragement test fails.

In a substantially similar case, the Northern District of Texas found that the defendant did not act under the color of state law. In that case, a private individual physician was alleged to have violated the plaintiff's constitutional rights by completing an affidavit to accompany a commitment request and by submitting an Application for Court Ordered Temporary Mental Health Services. *Gordon*, 57 F.Supp.3d at 770. The Northern District of Texas went through a similar process as the one laid out above and determined that the plaintiff's complaint was devoid of the factual allegations necessary to plead state action. *See id.* at 776. The same is true here. Defendant did not act under the color of state law when she ordered a chemical restraint over Plaintiff's refusal nor when she executed a Certificate of Medical Examination for Emergency Detention.

> ### 2. Plaintiff cannot bring Section 1983 claims against Defendant for using her independent and professional judgment in treatment decisions.

Plaintiff asserts that he was entitled to freedom from unreasonable bodily restraints. While this is true, whether Plaintiff's "constitutional rights have been violated must be determined by balancing his liberty interests against the relevant state interests." *Youngberg v. Romeo*, 457 U.S. 307, 321 (1982). If professional judgment was used by Defendant in her decisions regarding restraints, Plaintiff's constitutional rights were not violated. *See id.*

Plaintiff's Complaint, and specifically the quotes he pulls from the medical records, shows that Defendant used her professional judgment in her decision making. Defendant noted that Plaintiff was in "active psychosis leading to aggressive behavior," was "aggressive due to severe paranoia," and that he had kicked a nurse. Doc. No. 21, para.

127. Defendant assigned Plaintiff a Global Assessment of Functioning score of 25, which according to Plaintiff, denoted an "inability to function in almost all areas." *Id.*, para. 129. Plaintiff believed the hospital staff had kidnapped him. *Id.*, para. 146. Others noted that it was not possible to reason with Plaintiff and that he was threatening to leave the hospital. *Id.*, para. 91, 106.

Plaintiff may disagree with Defendant's assessments, but his Complaint shows the basis of her decision regarding restraints. Plaintiff was aggressive and it was reasonable to believe that he was a danger to himself and others. Taking Plaintiff's allegations as true, Defendant used her professional judgment basing her decision making on the facts available to her and on Plaintiff's presentation. Because of this, Plaintiff's constitutional rights were not violated by the alleged decision by Defendant to use restraints.

### 3.   Plaintiff cannot bring Section 1983 claims against Defendant for fabrication of evidence.

Although Plaintiff takes issue with Defendant's completion of a Certificate of Medical Examination for Emergency Detention, he does not dispute many of the facts included in the Certificate. Doc. No. 21, para. 146. For instance, he provides excuses for why he kicked a nurse, but he does not deny that his leg came into contact with one of the nurses as he was resisting. *Id.*, para. 147. Defendant noted in the Certificate that Plaintiff was paranoid and believed that the hospital staff kidnapped him. *Id.*, para. 147. Plaintiff's own contentions show that this was true. *See id.*, para. 111. Based on these statements and Plaintiff's overall presentation, Defendant noted, "[Plaintiff] exhibits poor insight and judgment due to active psychosis leading to aggressive behavior." *Id.*, para. 146.

Although Plaintiff may disagree with Defendant's opinions and recommendations, they were based on facts and Plaintiff's presentation that Plaintiff does not dispute in his Complaint. Instead, he provides the facts from his point of view, but that does not change that Defendant reported truthfully and made her recommendations based on that truth. For that reason, Plaintiff cannot succeed in his claims against Defendant for fabrication of evidence.

Additionally, Plaintiff's claim for fabrication of evidence is one that has been reserved for cases involving malicious prosecution. *See McDonough v. Smith*, 588 U.S. 109, 114 (2019). Plaintiff has not alleged or included any facts showing malicious prosecution.

For these reasons, Plaintiff's claim under Section 1983 for fabrication of evidence must be dismissed.

**B.     Plaintiff improperly recasts his healthcare liability claim as constitutional violations under Section 1983.**

Under Texas law, there is a "rebuttable presumption that a patient's claims against a physician or health care provider based on facts implicating the defendant's conduct during the patient's care, treatment, or confinement are healthcare liability claims." *Loaisiga v. Cerda,* 379 S.W.3d 248, 252 (Tex. 2012). Healthcare liability claims have three elements: "(1) the defendant is a health care provider or physician; (2) the claimant's cause of action is for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, health care, or safety or professional or administrative services

directly related to health care; and (3) the defendant's alleged departure from accepted standards proximately caused the claimant's injury or death." *Id.* at 255.

Here, it is undisputed that Defendant is a physician, satisfying the first element. While Plaintiff attempts to "disclaim" any state-law medical malpractice claim, he specifically complains of Defendant's "substantial departure from accepted professional judgment." Doc. No. 21, para. 250. His complaints against Defendant amount to administering medication without obtaining informed consent and improperly documenting Plaintiff's presentation and her findings. Therefore, Plaintiff specifically complains about Defendant's departure from standards of medical care or safety services directly related to health care. Lastly, Plaintiff asserts that the alleged departures from the standards caused him to be restrained and committed for an additional ten days. Because all three elements were satisfied, Plaintiff's asserted causes of action are healthcare liability claims, which are governed by Texas law.

As such, Defendant respectfully requests that this Court deny jurisdiction over the state law healthcare liability claims and dismiss them.

## III.   CONCLUSION AND PRAYER

For the foregoing reasons, Defendant respectfully requests that this Court grant this Motion for Judgment on the Pleadings for Plaintiff's failure to state a claim upon which relief may be granted. Defendant further prays for such other and further relief, both at law and in equity, to which she is justly entitled.

Respectfully submitted,

SPENCER FANE, LLP

By: _____

E. Dale Burrus
Attorney-in-Charge
State Bar No. 24012120
SDTX Bar No. 30517
dburrus@spencerfane.com
Colin P. Goodman
State Bar No. 24099683
SDTX Bar No. 3047488
cgoodman@spencerfane.com
3040 Post Oak Boulevard, Suite 1400
Houston, Texas 77056
Telephone: (713) 552-1234
Telecopier: (713) 963-0859

COUNSEL FOR DEFENDANT
VALERIA M. CONTRERAS, MD

CERTIFICATE OF SERVICE

I hereby certify that this Motion for Judgment on the Pleadings was served on all Parties or the Parties' counsel in accordance with the Federal Rules of Civil Procedure on this the 26th day of June 2026.

_____

E. Dale Burrus