CITY OF HOUSTON
Legal Department

John Whitmire
Mayor

Arturo G. Michel
City Attorney
Legal Department
P.O. Box 368
Houston, Texas 77001-0368
City Hall Annex
900 Bagby, 4th Floor

T. 832.393.6491
F. 832.393.6259
www.houstontx.gov

July 20, 2026

Honorable George C. Hanks, Jr.
United States District Judge
United States District Court
Southern District of Texas – Houston Division

Re: Defendants' Joint Request for Pre-Motion Conference: *Robert W. Van Kirk v. Officer M. Hernandez, et al.*, Case 4:26-cv-02517; United States District Court, Southern District of Texas, Houston Division.

Dear Judge Hanks:

Defendants City of Houston and Officer M. Hernandez ("City Defendants"), Harris County Hospital District d/b/a Harris Health, Jasmine Balbir Singh Aneja, R.N., Monique Jones, LCSW, and Valerie M. Contreras, (collectively referred to as "Defendants"), jointly request a pre-motion conference and a stay of discovery and disclosures pending rulings on their respective motions to dismiss raising qualified immunity and lack of subject matter jurisdiction. Dkts. 28, 29, 30, 32.

**Nature of the Case:**

Plaintiff sues the City of Houston, Officer M. Hernandez, Harris County Hospital District d/b/a Harris Health System/Ben Taub Hospital, Valeria M. Contreras, M.D., and Jasmine Aneja, R.N., asserting claims under 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act (ADA). Dkts. 1, 21. A scheduling order has not been entered. The initial conference is set for July 30, 2026. Dkt. 22.

**Discovery should be stayed pending the Court's consideration of Defendants' motions to dismiss:**

Defendants City of Houston and Officer Hernandez filed a motion to dismiss under Rule 12(b)(1) and 12(b)(6), invoking Officer Hernandez's qualified immunity. Dkt. 30. Defendants Harris County Hospital District d/b/a Harris Health System/Ben Taub Hospital, Jasmine Aneja, R.N., filed motions to dismiss under Rule 12(b)(1) and 12(b)(6) invoking the qualified immunity of both

Council Members: Amy Peck Tarsha Jackson Abbie Kamin Carolyn Evans-Shabazz Fred Flickinger Tiffany D. Thomas Mary Nan Huffman Mario Castillo Joaquin Martinez Edward Pollard Martha Castex-Tatum Julian Ramirez Willie Davis Twila Carter Alejandra Salinas Sallie Alcorn
Controller: Chris Hollins

Jones and Aneja. Dkt. 28. Defendant Valeria M. Contreras, M.D. filed an answer and motion for judgment on the pleadings under Rule 12(c). Dkts. 31, 32.

"Qualified immunity means more than just immunity from liability. It includes immunity from the burdens of defending a suit and the burdens of pretrial discovery." *Wicks v. Miss. State Emp't Servs.*, 41 F.3d at 993. While a motion to dismiss based on qualified immunity is pending, a plaintiff "is not entitled to discovery, cabined or otherwise." *Ashcroft v. Iqbal*, 556 U.S. 662, 685-86 (2009) (recognizing "serious and legitimate reasons" for the basic thrust of qualified immunity—to free government officials from the concerns of litigation, including disruptive discovery, and noting that permitting discovery to proceed as to other defendants would prejudice defendants who have asserted qualified immunity); *Siegert v. Gilley*, 500 U.S. 226, 232 (1991) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982), for the proposition that discovery should not be allowed until the threshold question of qualified immunity is resolved); *Morris v. Cross*, 476 F. App'x 783, 785 (5th Cir. 2012) ("Because the defendants raised qualified immunity, [plaintiff] was not entitled to proceed with discovery."); *Hinojosa v. Johnson*, 277 Fed. App'x 370, 374 (5th Cir. 2008) ("The qualified immunity doctrine 'affords government officials not just immunity from liability, but immunity from suit,' including the burdens of discovery.") (quoting *Vander Zee v. Reno*, 73 F.3d 1365, 1368 (5th Cir. 1996)); *Thayer v. Adams*, 364 Fed. App'x. 883, 891-892 (5th Cir. 2010) ("a defendant who invokes qualified immunity 'is entitled to dismissal before the commencement of discovery' if the plaintiff's assertions fail to 'state a claim of violation of clearly established law.'") (citations omitted); *Chavis v. Borden*, 621 Fed. App'x 283, 289-90 (5th Cir. 2015) ("even limited discovery on the issue of qualified immunity must not proceed until the district court ***first*** finds that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity") (emphasis in original, citation omitted).

Consistent with Supreme Court decisions, the Fifth Circuit has clarified that a district court must rule on a defendant's qualified immunity assertion raised by a motion to dismiss ***before*** proceeding with discovery or requiring the defendant to file an answer. *Carswell v. Camp*, 54 F.4th 307 (5th Cir. 2022). The immunity defense should be resolved at the earliest stages. *Schultea v. Wood,* 47 F.3d 1427, 1430 (5th Cir.1995).

The prohibition extends to discovery regarding related claims against a governmental entity, such as the City of Houston and Harris Health, who are not entitled to the qualified immunity defense. *Id.* at 313. In so doing, the Court emphasized that the Supreme Court has ruled out "even minimally intrusive discovery" against official defendants before ruling that plaintiff had met his or her burden to overcome the qualified immunity defense at the pleading stage. *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 685-86 (2009). *Carswell* rejected arguments for permitting *Monell* discovery to proceed while purportedly staying discovery as to defendants entitled to qualified immunity, emphasizing that proceeding with *Monell* discovery on related claims effectively allowed discovery against the individual defendants and denied them the benefits of immunity by subjecting them to depositions and discovery while complicating their ability to participate and defend themselves. Allowing discovery against the municipal defendants would subject the individual defendants to additional undue burdens of litigation and potentially require them to sit for a deposition twice in the same case. Finally, the Court emphasized the complications and undue costs to all the defendants associated with bifurcating discovery or trial or having separate scheduling orders in these cases. *Carswell,* 54 F.4th at 313-14 (citations omitted).

Although a blanket stay is by no means automatic, in this case, all individual defendants have invoked qualified immunity in a Rule 12 motion, therefore, discovery against the individuals or their governmental employers is prohibited under *Carswell*. Proceeding with discovery will necessarily deny the defendants the benefits of immunity and impose unnecessary and duplicative litigation costs on all parties. Thus, Defendants jointly request a stay of discovery and disclosures and abatement of the scheduling order pending the Court's rulings on all motions to dismiss.

**Conference:**

The undersigned counsel for the City Defendants conferred with Mr. Michael Fritz for Harris Health, Jones and Nurse Aneja and Ms. Dale Burrus for Valerie M. Contreras, on July 14, 2026, and all Defendants join in this request. The undersigned counsel attempted to confer with Plaintiff Mr. Robert Van Kirk, *pro se*, by emailing a draft of this letter and requesting Plaintiff's position on July 14, 2026, and by follow up email on July 16, 2026. Plaintiff has not responded. Given Plaintiff's prior motion for discovery (Dkt. 11), the Court should presume that Plaintiff opposes this request.

**Conclusion:**

Defendants jointly request a pre-motion conference seeking abatement of the scheduling order (if entered at the July 30, 2026, initial conference), a stay of discovery, disclosures, and the entry of a scheduling order, pending resolution of all motions to dismiss.

Respectfully Submitted,

Melissa Azadeh
Texas Bar No. 24064851
Federal Bar No. 1090186
Senior Assistant City Attorney II
832-393-6270
melissa.azadeh@houstontx.gov
**Attorney for Defendants City of Houston and Officer M. Hernandez**

Cc: Mr. Robert W. Van Kirk, Plaintiff, *pro se*
robertwaynevankirk@gmail.com

Mr. Michael D. Fritz
michael.fritz@harrishealth.org

Mr. E. Dale Burrus
dburrus@spencerfane.com
cgoodman@spencerfane.com