IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT W. VAN KIRK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 4:26-CV-02517 |
| OFFICER M. HERNANDEZ, et al. | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS CITY OF HOUSTON AND OFFICER M. HERNANDEZ'S REPLY TO PLAINTIFF'S RESPONSE TO THEIR MOTION TO DISMISS PURSUANT TO RULES 12(B)(1) AND 12(B)(6)**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendants City of Houston and Officer M. Hernandez (collectively referred to as "City Defendants"), file this Reply to the Plaintiff's Response (Doc. #36) to the City Defendants' Motion to Dismiss (Doc. #30) Plaintiff's amended complaint (Doc. #21) pursuant to Fed. Civ. P. Rules 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim upon which relief may be granted, and invoking Officer Hernandez's qualified immunity:

**I.**

Plaintiff's response abandons claims against the City of Houston and all claims against Officer M. Hernandez except the Fourth Amendment claim limited to the Temporary Emergency Detention under TEX. HEALTH & SAF. CODE § 573.001, et seq.

Plaintiff mischaracterizes the issue presented. It is not enough to argue lack of arguable probable cause because a judge found probable cause for Plaintiff's involuntary commitment and treatment and Plaintiff fails to identify an intentional or knowing material misstatement or

omission of fact in Officer Hernandez's emergency notification form. Even assuming arguendo Plaintiff could satisfy those hurdles, he cannot overcome qualified immunity by identifying a Supreme Court or published Fifth Circuit case putting every officer on notice that they were violating the constitution under similar circumstances.

Plaintiff fails to address the actual contents of the emergency detention notification and does not identify any knowing or intentional false statement material to probable cause for the temporary detention. Doc. #36 at 1. Officer Hernandez was not required to identify a threat, violent act, or attempt at self-harm under Texas law, as Plaintiff suggests. *See* Doc. #30 at PDF pages 18-19 (discussing TEX. HEALTH & SAF. CODE § 573.001 (2024)).

Officer Hernandez correctly noted Plaintiff's deteriorating mental condition, severe paranoia, beliefs that his identity was being stolen and that the 911 call-takers were not real, mental health conditions for which Plaintiff said he had not taken his medication, among other things. Doc. #21-1 at 2-3. These were sufficient to support his belief that Plaintiff was in "severe emotional distress" (Doc. #36 at1) and that his condition was deteriorating.

Plaintiff argues: (1) His mother was a corroborating witness to the "spoofed-call events" and Officer Hernandez omitted her as a "relevant witness" to the EDO; (2) The EDO omitted HPD's prior documentation of the same electronic-intrusion reports. Doc. #36 at 5. These are immaterial to the legitimate grounds for the EDO. Plaintiff could have reported and/or been the victim of actual cyber-crimes and still suffered from a deteriorating mental health crisis sufficient to warrant a temporary emergency detention and transport for assessment. Plaintiff's mother was not a reporting witness for the EDO and therefore she was not required to be listed on it. The Officer's observations and good faith belief suffice. Furthermore, Plaintiff's mother's credibility was questionable, having driven Plaintiff to flag down a patrol officer on the roadway regarding

prior crime reports, and might have shared in the delusion according to the examining doctor.

**II.**

"To be reasonable is not to be perfect." *Heien v. North Carolina*, 574 U.S. 54, 60-61, 135 S. Ct. 530, 536 (2014). Mistakes of Fact and Mistakes of Law are excused, if reasonable. *Id.* The Fourth Amendment allows for some mistakes on the part of government officials, giving them "fair leeway for enforcing the law in the community's protection." *Id.* (quoting *Brinegar v. United States,* 338 U.S. 160, 176 (1949)). Officer Hernandez was not wrong. The reasonableness of his temporary detention was confirmed by the medical experts and licensed social workers who examined Plaintiff, temporarily admitted him to hospital without consent, and successfully applied for a court order for his involuntary commitment and treatment. In deciding whether probable cause exists, police officers are not required to be perfect, nor do they have to err on the side of caution "out of fear of being sued." *Martin v. Thomas*, 973 F.2d 449, 453 (5th Cir. 1992). If Officer Hernandez had not intervened and something terrible had happened to the Plaintiff—and experts believed it would—he would be equally blamed.

**III.**

The City Defendants' motion to dismiss should be granted and Plaintiff's claims against them dismissed with prejudice.

Respectfully submitted,

**ARTURO G. MICHEL**
**City Attorney**

CHRISTY MARTIN
Section Chief Torts/Civil Rights

Date: July 24, 2026. By: */s/ Melissa Azadeh*
MELISSA AZADEH
Senior Assistant City Attorney
*Attorney in Charge*

Texas Bar No. 24064851
Federal ID No. 1090186
Tel. (832) 393-6270
melissa.azadeh@houstontx.gov
CITY OF HOUSTON LEGAL DEPARTMENT
P.O. Box 368
Houston, Texas 77001-0368
ATTORNEYS FOR DEFENDANTS CITY OF HOUSTON AND OFFICER M. HERNANDEZ

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of July 2026, a true and correct copy of the foregoing document, and any attachments, were delivered to all parties of record by electronic filing of same in accordance with the District's ECF service rules, and alternatively via e-mail transmission and/or certified mail, return receipt requested.

*/s/ Melissa Azadeh*
Melissa Azadeh