UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT W. VAN KIRK, | § | CIVIL ACTION NO. 4:26−cv−02517 |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| OFFICER M. HERNANDEZ, et al. | § | |
| *Defendants* | § | Jury Trial Demanded |

**DEFENDANTS' JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE**

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel or self-represented litigant who attended for each party. NOTE: the Rule 26(f) meeting must be held in person, by phone, or by video. Email meetings are not permitted.

   Defendants (Melissa Azadeh for City of Houston and Officer M. Hernandez, Michael Fritz for Harris County Hospital District d/b/a Harris Health, Jasmine Balbir Singh Aneja, R.N., Monique Jones, LCSW, and Dale Burrus for Valerie M. Contreras), conferred by video conference on July 8, 2026; The parties further conferred by email revising the joint discovery and case management plan. Plaintiff, Robert Van Kirk, *pro se*, did not respond to scheduling email and did not participate. Plaintiff, *pro se,* responded to conference requests on July 20, 2026, and indicated availability to confer tomorrow (Monday, July 21), a date the City Defendants' counsel was not available. The proposed JDCMP including Plaintiff's position regarding the discovery stay was circulated on July 23, 2026. A follow up email with the Defendants agreed JDCMP was emailed to Plaintiff on July 24, 2026, but Plaintiff has not yet responded.

2. List the cases related to this one that are pending in any state or federal court, with the case number and court, and state how the cases are related.

   None

3. <u>Briefly</u> describe what this case is about.

   Allegations relate to medical detention at Harris Health after Plaintiff was observed by Houston Police. Plaintiff claims the detention was unlawful and Defendants maintain it was based on the Plaintiff's presentation.

4. Identify any issues as to service of process, personal jurisdiction, or venue.

Defendants have raised issues of subject matter jurisdiction and immunity in Motions to Dismiss. Plaintiffs, in response, have agreed to dismissal *without prejudice* of all claims and defendants except for the Fourth Amendment claim against individual defendant Officer M. Hernandez. Defendant City of Houston's position is dismissal should be with prejudice and seeks a ruling on its motion to dismiss.

5. Federal jurisdiction.

   a. Specify the allegation of federal jurisdiction.

   Plaintiffs allege constitutional violations under Section 1983.

   b. Identify the parties, if any, who disagree with the plaintiff's federal jurisdictional allegations, and state their reasons.

   All defendants disagree with Plaintiff's constitutional allegations as set forth in filed Motions to Dismiss. Defendants City of Houston and Officer Hernandez contend that Plaintiff lacks Article III standing and have moved to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim. Dkts. 28, 29, 30, 32.

   c. If federal jurisdiction is based on diversity of citizenship and any of the parties is a limited liability entity, please state the citizenship of each of the members of the limited liability entity. When members of a limited liability entity are themselves entities or associations, citizenship must be traced through however many layers of members there are until arriving at the entity that is not a limited liability and identifying its citizenship. *See Acadian Diagnostic Labs., L.L.C. v. Quality Toxicology, L.L.C.*, 965 F.3d 404, 408 fn.1 (5th Cir. 2020).

   It is not based on diversity.

6. List anticipated additional parties that should be included, and by whom they are wanted.

   None known.

7. List anticipated interventions.

   None known

8. Describe class-action or collective-action issues.

   None known.

9. State whether each party has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures and the dates.

The parties have not made initial disclosures.

Defendants City of Houston and Officer Hernandez requested a pre-motion conference seeking a stay of discovery and disclosures pending rulings on motions to dismiss that raise qualified immunity as required under *Carswell v. Camp*, 54 F.4th 307 (5th Cir. 2022), and that initial disclosures will be made within 30 days after the Court rules on all Defendants' motions to dismiss, or, in the event of an interlocutory appeal, within 30 days after mandate issues, whichever is later. Dkt. 37.

Plaintiffs' position: Plaintiff does not oppose a general stay of broad discovery while the sole remaining motion to dismiss is pending. However, Plaintiff opposes any stay that would encompass or moot Plaintiff's already-pending Motion for Early Expedited Discovery (Dkt. 11), which seeks only document production from the City — not depositions or interrogatories directed at any individual officer. This limited production is fully consistent with the Fifth Circuit's framework in Carswell v. Camp, 54 F.4th 307 (5th Cir. 2022), as it imposes no burden on Officer Hernandez.

Defendants' response: *Carswell* does not permit any limited production or discovery pending a motion to dismiss invoking qualified immunity.

10. If the case includes a claim for attorneys' fees, state whether the parties agree to submit the fees issue to the court for resolution on affidavits or declarations, after the other issues are resolved.

Defendants agree.

11. Describe the proposed discovery plan, including:

A. Responses to the matters raised in Rule 26(f), including any agreements (and disputes) concerning electronic and other discovery.

All discovery of electronically stored information should be in PDF, if possible, text searchable, if possible, and without metadata, unless metadata is specifically requested or necessary to comply with the request.

Defendant City of Houston may move for a protective order, if necessary, and subsequently produce confidential information within 10 days of the Court issuing a protective order in this case, if any.

B. Any threshold issues—such as limitations, jurisdiction, or immunity—that should be scheduled for early resolution, what discovery targeted to those issues may need to occur early, and how long this targeted discovery will take.

Defendants have all filed Motions to Dismiss that need to be heard and there is a scheduling plan for these.

Defendants City of Houston and Officer Hernandez request a stay of discovery and disclosures pending rulings on motions to dismiss that raise qualified immunity as required under *Carswell v. Camp*, 54 F.4th 307 (5th Cir. 2022), and that initial disclosures will be made within 30 days after the Court rules on all Defendants' motions to dismiss, or, in the event of an interlocutory appeal, within 30 days after mandate issues, whichever is later.

Plaintiffs' position: Plaintiff does not oppose a general stay of broad discovery while the sole remaining motion to dismiss is pending. However, Plaintiff opposes any stay that would encompass or moot Plaintiff's already-pending Motion for Early Expedited Discovery (Dkt. 11), which seeks only document production from the City — not depositions or interrogatories directed at any individual officer. This limited production is fully consistent with the Fifth Circuit's framework in Carswell v. Camp, 54 F.4th 307 (5th Cir. 2022), as it imposes no burden on Officer Hernandez.

Defendants' response: *Carswell* does not permit any limited production or discovery pending a motion to dismiss invoking qualified immunity.

12. Experts

A. Are experts needed on issues other than attorneys' fees?

Yes

B. If medical experts are needed, identify whether they are only treating physicians or also designated on other issues.

We will need retained expert witnesses for medical issues.

C. The date the party with the burden of proof on an issue will be able to designate experts and provide the reports required by Rule 26(a)(2)(B)

[unknown]

D. The date the opposing party will be able to designate responsive experts and provide the reports required by Rule 26(a)(2)(B)

1 month after the Plaintiffs' deadline and 10 months after rulings on all motions dismiss

13. State the date discovery can reasonably be completed.

Twelve months after the Court rules on all motions to dismiss.

14. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

Defendants City of Houston and Officer Hernandez have requested a pre-motion conference seeking a stay of discovery and disclosures pending rulings on motions to dismiss that raise qualified immunity as required under *Carswell v. Camp*, 54 F.4th 307 (5th Cir. 2022), and that initial disclosures will be made within 30 days after the Court rules on all Defendants' motions to dismiss, or, in the event of an interlocutory appeal, within 30 days after mandate issues, whichever is later. Dkt. 37.

Plaintiff seeks expedited discovery. See Dkt. 11. <u>Plaintiffs' position:</u> Plaintiff does not oppose a general stay of broad discovery while the sole remaining motion to dismiss is pending. However, Plaintiff opposes any stay that would encompass or moot Plaintiff's already-pending Motion for Early Expedited Discovery (Dkt. 11), which seeks only document production from the City — not depositions or interrogatories directed at any individual officer. This limited production is fully consistent with the Fifth Circuit's framework in Carswell v. Camp, 54 F.4th 307 (5th Cir. 2022), as it imposes no burden on Officer Hernandez.

<u>Defendants' response</u>: *Carswell* does not permit any limited production or discovery pending a motion to dismiss invoking qualified immunity.

15. Specify the discovery beyond initial disclosures that has been undertaken to date.

    None at this time.

16. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting or have emerged since then.

    Settlement discussions will not become fruitful until after the Court rules on all motions to dismiss.

17. From the attorneys' discussion with the clients, state the alternative dispute resolution techniques that are reasonably suitable and when they are likely to be effective in this case.

    Mediation before a magistrate judge or private mediator after the Court rules on motions to dismiss and limited discovery.

18. With the consent of all parties, United States Magistrate Judge Andrew Edison may preside and hear jury and non-jury trials. Indicate the parties' joint position on a trial before Judge Edison.

    The Parties do not jointly consent to a trial before the Magistrate Judge at this time.

19. State whether a jury demand has been made and if it was made on time,

    A jury demand was timely made by both Plaintiffs and Defendants.

20. Specify the number of hours it will likely take to present the evidence.

15 hours.

21. List pending motions that may be ruled on at the initial pretrial and scheduling conference.

Defendants have pending Motions to Dismiss. Dkts. 28, 29, 30, 32.

22. List other pending motions.

None at this time.

23. List issues or matters, including discovery, that should be addressed at the conference.

The City Defendants' request for a stay of discovery and disclosures. Dkt. 37.

24. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments. DO NOT STATE THAT THE DISCLOSURE OF INTERESTED PARTIES WILL BE FILED IN THE FUTURE.

Disclosures of interested parties have been filed by the Plaintiff (Dkt. 10), Harris Health Defendants (Dkt. #14), the City of Houston and Officer M. Hernandez (Dkt. 38).

**Counsel for Defendants:**

*<u>/s/ Melissa Azadeh</u>* <u>July 24, 2026</u>

Melissa Azadeh Date
*Attorney in Charge*
Texas Bar No. 24064851
Federal ID No. 1090186
Tel. (832) 393-6270
melissa.azadeh@houstontx.gov
Senior Assistant City Attorney
CITY OF HOUSTON LEGAL DEPARTMENT
P.O. Box 368
Houston, Texas 77001-0368
COUNSEL FOR DEFENDANTS CITY OF
HOUSTON AND OFFICER M. HERNANDEZ

*/s/ E. Dale Burrus (by permission)* July 24, 2026
E. Dale Burrus Date
Attorney-in-Charge
State Bar No. 24012120
SDTX Bar No. 30517
dburrus@spencerfane.com
Colin P. Goodman State Bar No. 24099683
SDTX Bar No. 3047488
cgoodman@spencerfane.com
SPENCER FANE, LLP
3040 Post Oak Boulevard, Suite 1400
Houston, Texas 77056
Telephone: (713) 552-1234
Telecopier: (713) 963-0859
COUNSEL FOR DEFENDANT
VALERIA M. CONTRERAS, MD

*/s/ Michael D. Fritz (by permission)* July 24, 2026
Michael D. Fritz Date
THE OFFICE OF THE
HARRIS COUNTY ATTORNEY
Sr. Assistant County Attorney
Texas Bar No. 24083029
S.D. Texas ID No. 2440934
*Michael.Fritz@harrishealth.org*
4800 Fournace Place
Sixth Floor, East Wing
Houston, Texas 77401
(346) 426-0326 (telephone)
(713) 566-6558 (facsimile)
COUNSEL FOR HARRIS COUNTY HOSPITALDISTRICT
D/B/A HARRIS HEALTH, JASMINE BALBIR SINGH
ANEJA, R.N., MONIQUE JONES, LCSW

**Plaintiff, *pro se*:**

Robert W. Van Kirk Date
7366 Brace St., Houston TX 77061
832-428-2882
robertwaynevankirk@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of July 2026, a true and correct copy of the foregoing document, and any attachments, were delivered to all parties of record by electronic filing of same in accordance with the District's ECF service rules, and alternatively via e-mail transmission and/or certified mail, return receipt requested.

*/s/ Melissa Azadeh*
Melissa Azadeh