United States Courts
Southern District of Texas
FILED

AUG 25 2026

Nathan Ochsner, Clerk of Court

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| ROBERT W. VAN KIRK, | § | |
| *Plaintiff,* | § | |
| | § | Civil Action No. 4:26-cv-02517 |
| *v.* | § | |
| | § | Honorable George C. Hanks, Jr. |
| Officer Hernandez, et al., | § | |
| *Defendants.* | § | |

# PLAINTIFF'S NOTICE OF FILING SECOND AMENDED COMPLAINT AND MOTION TO PRESERVE SUBMITTED BRIEFING ON COUNT I

## I. PROCEDURAL BACKGROUND

**1.** Plaintiff filed the operative Verified Amended Complaint on May 14, 2026. (Dkt. 21.)

**2.** The City of Houston and Officer M. Hernandez moved to dismiss under Rules 12(b)(1) and 12(b)(6), and Officer Hernandez asserted qualified immunity. (Dkt. 30.)

**3.** On July 17, 2026, Plaintiff filed a narrowed response preserving only Count I against Officer Hernandez and consenting to dismissal without prejudice of the other claims challenged in Dkt. 30. (Dkt. 36 at 8-9.) The City Defendants replied on July 24, 2026. (Dkt. 39.) The Rule 12 issues concerning Count I are therefore fully submitted.

**4.** Plaintiff separately did not oppose dismissal without prejudice of the claims asserted against the Harris Health defendants and Dr. Valeria Contreras. (Dkt. 34; see also Dkt. 36 at 8-9.) Plaintiff sought dismissal without prejudice so that the claims would not be adjudicated on their merits.

**5.** On July 30, 2026, the Court entered a Docket Control Order establishing August 31, 2026 as the deadline to amend pleadings and add parties. (Dkt. 42 at 1.) The Order expressly provides that the parties "may amend pleadings by this date without leave of court" and that new parties "may be added by this date without leave of court." (*Id.*) The Second Amended Complaint is filed within that period.

## II. SCOPE OF THE SECOND AMENDED COMPLAINT

**6.** The Hernandez Count I theory and the issue presented by the pending briefing remain materially unchanged: it concerns the initial warrantless seizure and transport that Plaintiff defended in Dkt. 36. The Second Amended Complaint does not enlarge the damages period asserted against Hernandez in Count I, impose on him responsibility for independent medical decisions, Probate Court decisions, or later records events, or alter the material allegations governing whether he had arguable probable cause at the time of seizure.

**7.** The amendment restores focused claims arising from the officer-signed Notification of Emergency Detention ("Notification"), the Ben Taub medication/restraint sequence, the sworn commitment instruments, and Harris Health's associated institutional workflows. The factual basis was pleaded in the Verified Amended Complaint. The Second Amended Complaint includes: (a) an ADA Title II police-services claim against the City; (b) an unwanted-medication and bodily-restraint claim against Dr. Valeria Contreras; (c) a continued-seizure claim against Contreras and Monique Jones based on the alleged pre-hearing creation and submission of commitment instruments; and (d) a Harris Health municipal-liability claim.

**8.** The institutional Harris Health allegations identify two related document-workflow events. During the detention, the contemporaneous Notification was routed into the

Probate Court process but omitted from the operational clinical record used by downstream providers. After the detention, Harris Health did not place a copy of the court-filed version into the chart with a transparent late-entry notation. HIM instead inserted the materially different version into the closed chart. The Second Amended Complaint pleads the February event as evidence concerning the earlier operational omission, institutional knowledge, document provenance, and subsequent concealment. It does not allege that a February 2025 upload retroactively caused an August 2024 seizure.

**9.** The added Counts II through V concern distinct City, hospital, commitment-process, and institutional conduct. They do not expand the factual question presented by Count I: whether Hernandez had arguable probable cause for the initial emergency-detention seizure and transport. Plaintiff does not restore a standalone retaliation, individual access-to-counsel, inter-agency-conspiracy, collective Doe-officer, or omnibus City Monell count.

## III. THE AMENDMENT IS AUTHORIZED AND TIMELY

**10.** No motion for leave is required. The Court's Docket Control Order affirmatively authorizes amendments and the addition of parties through August 31, 2026 without leave. (Dkt. 42 at 1.) Rule 16(b)(3)(A) permits the Court to establish that amendment period, and Rule 16(d) provides that the resulting order controls the action.

**11.** The amendment is also consistent with Rule 15's policy favoring resolution on the merits. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (leave should ordinarily be freely given absent undue delay, bad faith, repeated failure to cure, undue prejudice, or futility); *Mayeaux v. La. Health Servs. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) (recognizing the Rule 15(a) bias in favor of amendment).

**12.** The amendment causes no unfair surprise. The City, Harris Health, and the underlying document-handling allegations all appeared in Dkt. 21. Both institutional defendants appeared through counsel and moved against those claims. The City remains a party to the pending Rule 12 motion, and Harris Health participated in the Rule 26(f) process and the joint request concerning discovery. (Dkts. 30, 37, 40.) The amendment narrows the restored claims to the objective document chain and the institutional acts associated with it.

**13.** The amendment does not withdraw Plaintiff's July 17 litigation position retroactively or ask the Court to reconsider an adjudication on the merits. Plaintiff expressly requested dismissal of the affected claims without prejudice. (Dkt. 34; Dkt. 36 at 8-9.) The Second Amended Complaint invokes the amendment period the Court subsequently established in Dkt. 42 and presents the claims prospectively in the superseding pleading.

## IV. THE COURT SHOULD PRESERVE THE SUBMITTED COUNT I BRIEFING

**14.** An amended complaint ordinarily supersedes the prior complaint. *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). But the Court retains authority to manage pending motions efficiently, and no rule requires duplicative briefing where an amended pleading leaves the challenged claim materially unchanged.

**15.** Count I presents the same narrow question identified in Dkt. 36: whether Officer Hernandez had arguable probable cause for the initial emergency-detention seizure when the pleaded facts and the face of his Notification identify no threat, violent act, attempt at self-harm, weapon, severe emotional distress, or inability to remain at liberty, while omitting the

corroborating witness and the HPD Cybercrimes matter he located during the encounter. (Dkt. 36 at 1-7.) The amendment does not alter that question.

**16.** Preserving the existing Count I briefing would avoid needless duplication and would not prejudice Officer Hernandez. He has already addressed the claim in Dkt. 30, and Plaintiff responded in Dkt. 36. The City Defendants filed their reply in Dkt. 39. If Officer Hernandez believes a particular amendment bears on Count I, a short supplemental filing limited to that new matter would protect his position without restarting the completed briefing cycle.

**17.** The restored institutional claims stand on a different procedural footing. Plaintiff does not ask the Court to apply Dkt. 30 to those claims without a response. The City and Harris Health may answer or otherwise respond to them within the time provided by Rule 15(a)(3). Any Rule 12 challenge to those claims should address the allegations in the Second Amended Complaint.

**18.** This treatment separates the pending qualified-immunity question from the restored institutional claims. It permits the Court to decide Officer Hernandez's asserted immunity promptly while preserving each institutional defendant's opportunity to respond to the amended pleading.

## V. CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court:

**1.** recognize the Second Amended Complaint as timely filed under Dkt. 42;

**2.** treat Dkt. 30 as directed to Count I of the Second Amended Complaint to the extent it seeks dismissal of the Fourth Amendment claim against Officer Hernandez;

**3.** decide Count I on the existing briefing in Dkts. 30, 36, and 39, or alternatively permit only limited supplemental briefing concerning any material change the Court identifies;

**4.** direct the City of Houston and Harris Health to answer or otherwise respond to the restored institutional claims under Rule 15(a)(3); and

**5.** grant such other relief as the Court deems just and proper.

Respectfully submitted,

---

**ROBERT W. VAN KIRK**, *Pro Se* 7366 Brace St. Houston, Texas 77061 Telephone: (832) 428-2882 Email: robertwaynevankirk@gmail.com

---

## CERTIFICATE OF CONFERENCE

Pursuant to S.D. Tex. Local Rule 7.1(D), Plaintiff certifies that on August 25, 2026, he conferred by email with Melissa Azadeh, counsel for the City of Houston and Officer Hernandez, and Michael D. Fritz, counsel for Harris Health, concerning the limited relief requested in Part IV. Ms. Azadeh stated that the City and Officer Hernandez oppose the proposed amended pleading at this stage and oppose any briefing schedule that would deprive them of a full and fair opportunity to respond. Mr. Fritz stated that Harris Health is opposed. The parties were unable to resolve the requested treatment of the pending Count I briefing.

Date: August 25, 2026

---

## CERTIFICATE OF SERVICE

I certify that on August 25, 2026, a true and correct copy of this filing was served by email on all counsel of record.

Respectfully submitted,

Dated: August 25, 2026

Robert W Van Kirk

**ROBERT W. VAN KIRK**
*Plaintiff, Pro Se*
7366 Brace St., Houston, TX 77061
(832) 428-2882
robertwaynevankirk@gmail.com